**Howard B. KECK, Sr., and Erin Anne Lower, Appellants,**

v.

**FIRST CITY NATIONAL BANK OF HOUSTON, Trustee, Howard B. Keck, Jr., and Kerry C. Vaughan, Appellees.**

No. B14–87–026–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 1987.

Richard B. Miller, Tom Alexander, Joe H. Reynolds, Charles C. Crady, III, Houston, Joe R. Davidson, Bellaire, for appellants.

Ewing Werlein, Jr., Joseph D. Jamail, John L. Jeffers, Jr., Houston, for appellees.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is an appeal from an order granting a temporary injunction sought by Howard

B. Keck, Jr., and Kerry Vaughan. The order enjoins Howard B. Keck, Sr., and Erin Anne Lower from filing or prosecuting or assisting in the filing or prosecution of litigation concerning five Keck family trusts in any other jurisdiction. It also enjoins Howard B. Keck, Sr., from attempting to remove or replace First City National Bank of Houston as trustee of the five trusts.

■ The order granting the temporary injunction does not include an order setting the cause for trial on the merits with respect to the ultimate relief sought as required in civil procedure Rule 683. Tex.R. Civ.P. 683. Both appellants have raised this failure in points of error. Appellees argue the omission of the trial date should not be fatal because the cause had already been set for trial April 20, 1987.

■ The supreme court has clearly stated: "When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved." *Interfirst Bank San Felipe v. Paz Construction Co.*, 715 S.W.2d 640, 641 (Tex.1986). In that case the supreme court reversed this court's holding that the failure to place a trial date should not be grounds for automatic reversal. The clear message in *Paz* is that the requirements of Rule 683 are mandatory and must be strictly followed. We sustain point of error four brought by Keck, Sr., and point of error five brought by Lower.

Because of our disposition on these points we do not consider the other points of error.

■ Three motions concerning supplementation of the record are pending. It is the court's opinion that it is improper to consider any pleadings, actions by the parties, or actions by other courts taking place after the date of the order now appealed. "Events taking place subsequent to the issuance of a temporary injunction may afford a basis for modification of the order by the trial court but unless such occurrences render the cause for the injunctive relief entirely moot or academic, ... our action must be controlled by the record made in the trial court at the time the injunction was issued." *University of Texas v. Morris*, 162 Tex. 60, 344 S.W.2d 426, 429 (1961). The motion brought by Keck, Sr., to strike the third supplemental transcript is sustained. We overrule appellees' pending motions to supplement the record.

We reverse the judgment of the trial court, declare the temporary injunction void, and order it dissolved.