Martha Hill Jamison, Justice
Five-year-old C.B.D. was injured during an incident at his elementary school. C.B.D.'s father, appellee Albert Durrell, acting individually and as C.B.D's next friend, filed a petition pursuant to Texas Rule of Civil Procedure 202, seeking a pre-suit investigatory deposition of a representative of Houston Independent School District (HISD) regarding the incident. In response, HISD filed a plea to the jurisdiction, asserting governmental immunity. The trial court denied the plea, and HISD brings this interlocutory appeal.[1] We affirm.
I. Background
In his first amended Rule 202 petition, Durrell alleged that between 10:15 a.m. and 11:15 a.m. on August 25, 2016, C.B.D. was injured while being escorted to the principal's office of Wilson Montessori Elementary following a "behavior incident" in the cafeteria. Durrell further alleged that, based on available information, C.B.D. was escorted to the principal's office by school staff and possible persons not employed by HISD. According to the petition, Durrell was called to the school by the school's magnet coordinator, who told him that C.B.D. had been injured and had blood on his clothing, although she said she did not know whose blood it was. When Durrell arrived at the principal's office, the principal, magnet coordinator, school nurse, and others were present, and the nurse was restraining C.B.D. Durrell additionally asserted that, during the discussion that followed, the magnet coordinator stated that her elbow had contacted C.B.D.'s face in the hallway, and the principal also acknowledged *303 that she had contact with C.B.D. "C.B.D. had obvious bruising and bleeding around his lower teeth." Durrell rushed C.B.D. to a dentist's office where he was diagnosed with a jaw fracture and had three teeth removed.
Durrell further alleged that he had been informed that surveillance video existed from the areas of the school where C.B.D. was injured. Durrell made an oral request of the principal to be allowed to view the video, and this request was followed up with a written request. The principal responded with an email telling Durrell that he needed to request the tapes in writing at HISD police headquarters. Durrell did so but to date has not been allowed to view the video. At first, Durrell was told that he could see the video after the faces of other children were obscured, and then later he was told he would not be allowed to view the video at all.[2]
In his petition, Durrell sought to depose an HISD representative who was knowledgeable regarding the incident, the contents of the surveillance video, the investigation into the incident, HISD policies concerning such incidents, and the identity of all persons involved in, or with knowledge regarding, the incident. Durrell further requested that HISD be directed to produce, at the time of the deposition, all documents related to the investigation and copies of all surveillance videos showing the incident. Regarding the purpose of his requests, Durrell stated that he sought to investigate potential claims against HISD or other culpable parties. He specifically mentioned intentional acts, gross negligence, and possible criminal charges.
In response to Durrell's original petition, HISD filed a plea to the jurisdiction, asserting that the trial court lacked subject matter jurisdiction over Durrell's requests pursuant to the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code §§ 101.001 -.109.[3] Specifically, HISD stated that it possessed "sovereign immunity from any lawsuit involving an injury event due to alleged activities on school owned premises, not [due to] the actual operation of a school owned vehicle." HISD further pointed out that the Texas Supreme Court has held that "[f]or a party to properly obtain Rule 202 pre-suit discovery, the court must have subject-matter jurisdiction over the anticipated action." In Re City of Dallas , 501 S.W.3d 71, 73 (Tex. 2016). HISD then concluded that the trial court had no jurisdiction in this case because Durrell did not allege that an HISD employee caused injury through the operation of a motor vehicle.
In his response to HISD's plea, Durrell pointed out that the Texas Education Code provides that school district employees may be liable for incidents outside the scope of their employment duties as well as for the use of excessive force in the discipline of students or acts negligently resulting in bodily injury to students, citing Education Code section 22.0511(a) and Grimes v. Stringer , 957 S.W.2d 865, 868 (Tex. App.-Tyler 1997, pet. denied).[4] Durrell *304 further noted in his response that since HISD had not provided much information regarding the incident that resulted in C.B.D.'s injuries, it was possible that the injuries were the result of actions outside an employee's duties, the use of excessive force or negligence in disciplining C.B.D, or the actions of a nonemployee of HISD.
Durrell also filed the amended petition discussed above in which he added allegations that school employees had acted negligently outside the scope of their duties, excessive force had been used in disciplining C.B.D., and, to the extent nonemployees were involved in causing C.B.D.'s injuries, HISD had negligently supervised such nonemployees. HISD filed an original answer in which it asserted that the trial court lacked jurisdiction over Durrell's allegations. In this pleading, HISD also asserted that Durrell failed to exhaust his administrative remedies, but it did not assert what, if any, administrative remedies were available to address the alleged incident. HISD did not file an amended or supplemental plea to the jurisdiction.
The trial court denied HISD's plea, and HISD filed this interlocutory appeal. In two issues, HISD contends that (1) allegations of injury not caused by the operation of a school-owned vehicle to a student at a public school do not trigger a waiver of governmental immunity to suit, and (2) an allegation of an injury to a student at a public school triggers a waiver of governmental immunity to suit only when available administrative remedies have been exhausted.[5]
II. Governing Law
A. Plea to the Jurisdiction
A plea to the jurisdiction is a dilatory plea used to defeat a claim without regard to whether the claim has merit. Bland I.S.D. v. Blue , 34 S.W.3d 547, 554 (Tex. 2000). Such a plea challenges a trial court's subject-matter jurisdiction. Id. We therefore review de novo a trial court's ruling on a plea to the jurisdiction. Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004). A plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S.W.2d 440, 446 (Tex. 1993). In determining whether this burden has been satisfied, we must construe the pleadings liberally in the plaintiff's favor and deny the plea if the plaintiff has alleged facts affirmatively demonstrating jurisdiction to hear the case. Miranda , 133 S.W.3d at 226.
When pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff, or in this case, the petitioner, should be afforded an opportunity to amend. See Miranda , 133 S.W.3d at 226-27. However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing *305 the plaintiff an opportunity to amend. Id. at 227.[6]
B. Governmental Immunity
"In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." Dallas Area Rapid Transit v. Whitley , 104 S.W.3d 540, 542 (Tex. 2003). Unless waived, the common law doctrine of governmental immunity protects political subdivisions of the state, including independent school districts, from lawsuits when they perform governmental functions. City of Galveston v. State , 217 S.W.3d 466, 469 (Tex. 2007) ; Wichita Falls State Hosp. v. Taylor , 106 S.W.3d 692, 694 n.3 (Tex. 2003). Texas courts generally defer to the legislature to waive immunity from suit because doing so protects the legislature's policymaking function. See Reata Constr. Corp. v. City of Dallas , 197 S.W.3d 371, 375, 377 (Tex. 2006) ; Tex. Natural Res. Conservation Comm'n v. IT-Davy , 74 S.W.3d 849, 854 (Tex. 2002). For a statute to provide a waiver of immunity, the waiver must be expressed by clear and unambiguous language. Tex. Gov't Code § 311.034. Governmental immunity deprives a trial court of subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. See Miranda , 133 S.W.3d at 225-27.
C. Rule 202
Texas Rule of Civil Procedure 202 provides a mechanism for requesting court authorization of pre-suit depositions to either (1) perpetuate or obtain testimony for use in an anticipated lawsuit, or (2) investigate a potential claim or suit. Tex. R. Civ. P. 202.1. Here, Durrell sought to investigate a potential claim or suit. In such cases, Rule 202 does not require a petitioner to plead a specific claim. See In re Emergency Consultants, Inc. , 292 S.W.3d 78, 79 (Tex. App.-Houston [14th Dist.] 2007, orig. proceeding) ; City of Houston v. U.S. Filter Wastewater Group, Inc. , 190 S.W.3d 242, 245 n.2 (Tex. App.-Houston [1st Dist.] 2006, no pet.). We must construe Durrell's Rule 202 petition liberally. Vestal v. Pistikopoulos , No. 10-16-00034-CV, 2016 WL 4045081, at *2 (Tex. App.-Waco July 27, 2016, no pet.) (mem. op.).
When, as here, the petition is brought for investigatory purposes, the trial court must order the requested deposition if it finds that the likely benefit of the deposition outweighs the burden and expense. Tex. R. Civ. P. 202.4(a)(2) ; Combs v. Tex. Civil Rights Project , 410 S.W.3d 529, 531 (Tex. App.-Austin 2013, pet. denied).[7] Rule 202 depositions, however, are not intended for routine use. In re Jorden , 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). The rule does not authorize a party to obtain otherwise unobtainable discovery. See In re Wolfe , 341 S.W.3d 932, 933 (Tex. 2011) (noting that petitioner "cannot obtain by Rule 202 what it would be denied in the anticipated action"). Indeed, Rule 202 expressly limits the scope of discovery in pre-suit depositions to "the same as if the *306 anticipated suit or potential claim had been filed." Id. (quoting Tex. R. Civ. P. 202.5 ).
A proper court to entertain a Rule 202 petition is a court that would have subject-matter jurisdiction over the underlying dispute or anticipated lawsuit; thus, we must look to the substantive law of the underlying dispute or anticipated action to determine jurisdiction. See Vestal , 2016 WL 4045081, at *2 ; Combs , 410 S.W.3d at 534 ; City of Dallas v. Dallas Black Fire Fighters Ass'n , 353 S.W.3d 547, 554-57 (Tex. App.-Dallas 2011, no pet.) ; see also City of Dallas , 501 S.W.3d at 73 ("For a party to properly obtain Rule 202 pre-suit discovery, the court must have subject-matter jurisdiction over the anticipated action.").
III. Discussion
A. Jurisdiction over School District
In its first issue, HISD contends that the trial court lacked subject matter jurisdiction over this Rule 202 proceeding because under the Texas Tort Claims Act, HISD can only be sued for injuries caused by the operation of a school-owned motor vehicle and Durrell's petition did not allege the incident in question involved the operation of a motor vehicle. In support, HISD cites Texas Civil Practice and Remedies Code sections 101.021(1)(A) and 101.051. Tex. Civ. Prac. & Rem. Code §§ 101.021(1)(A), 101.051. As HISD suggests, under the Texas Tort Claims Act, waiver of the school district's governmental immunity encompasses only tort claims involving the use or operation of motor vehicles. Mission Consol. Indep. Sch. Dist. v. Garcia , 253 S.W.3d 653, 655-56 (Tex. 2008) (citing Tex. Civ. Prac. & Rem. Code § 101.051 ).[8]
However, even if HISD is correct regarding the scope of these provisions, its first issue misses the mark. To obtain a pre-suit investigatory deposition from HISD under Rule 202, Durrell does not have to establish the court would have jurisdiction over HISD in a possible future action; he need only show that the trial court would have subject-matter jurisdiction over the anticipated action . See, e.g., City of Dallas , 501 S.W.3d at 73 ; see also Univ. of Tex. M.D. Anderson Cancer Ctr. v. Tcholakian , No. 01-11-00754-CV, 2012 WL 4465349, at *4-5 (Tex. App.-Houston [1st Dist.] Sept. 27, 2012, no pet.) (mem. op.) (affirming denial of government entity's plea to the jurisdiction where Rule 202 petition sought discovery related to potential claims again nongovernmental third party). Rule 202 petitions themselves do not constitute lawsuits that would be barred across-the-board by governmental immunity. Combs , 410 S.W.3d at 534 ; Lee v. GST Transp. Sys., LP , 334 S.W.3d 16, 19 (Tex. App.-Dallas 2008, pet. denied). Indeed, Rule 202 does not even require that the person or entity from whom a *307 deposition is sought be a potentially liable defendant in the possible action being investigated. In re Donna I.S.D. , 299 S.W.3d 456, 460 (Tex. App.-Corpus Christi 2009, orig. proceeding) ; U.S. Filter , 190 S.W.3d at 245. As set forth above, Durrell's pleadings explained the possibility of claims against HISD employees as well as against unknown nonemployees who may have been involved in causing C.B.D.'s injuries.[9]
The fact that Durrell did not allege C.B.D.'s injuries resulted from the use of a motor vehicle-and thus HISD may be immune in an eventual lawsuit regarding C.B.D's injuries-does not deprive the trial court of jurisdiction over Durrell's Rule 202 petition. Accordingly, we overrule HISD's first issue.
B. Exhaustion of Remedies
In its second issue, HISD asserts that even if Durrell's claims are not barred by governmental immunity, the trial court would not have jurisdiction over his claims because Durrell failed to plead that he exhausted his administrative remedies. HISD bases this argument on Education Code section 22.0514, which states that "[a] person may not file suit against a professional employee of a school district unless the person has exhausted the remedies provided by the school district for resolving the complaint." Tex. Educ. Code § 22.0514.[10]
We begin by noting that, to the extent HISD intended to argue that Durrell actually failed to exhaust administrative remedies in this case that were applicable to his requests for information and adequate, HISD failed to establish such facts in the trial court. See Mission Consol. I.S.D. v. Garcia , 372 S.W.3d 629, 635 (Tex. 2012) (explaining that when a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review mirrors that of a traditional summary judgment proceeding); see also supra n.6. HISD has neither identified any procedures it might offer to address requests such as Durrell makes in this case nor offered any evidence to establish Durrell has not utilized such procedures. See Moreno v. Northside I.S.D. , No. CV SA-11-CA-0746-XR, 2012 WL 13029076, at *2-3 (W.D. Tex. Jan. 23, 2012) (applying Texas law in denying motion to dismiss for lack of jurisdiction based on alleged failure of plaintiff to exhaust administrative remedies where school district failed to identify any available administrative remedies). Accordingly, we consider HISD's arguments only to the extent it asserts Durrell failed to properly plead the exhaustion of remedies.
The interplay between Rule 202 procedures and the analysis of an exhaustion-of-remedies requirement for a potential, but not yet known, claim presents an unusual jurisdictional question, as Rule 202 petitioners often may not possess sufficient information to determine either the exact nature of the potential claims or parties or the availability or adequacy of administrative remedies. See generally Combs , 410 S.W.3d at 535-36 (noting pleading obstacles *308 inherent in Rule 202 context); Emergency Consultants , 292 S.W.3d at 79 (same). Indeed, Texas intermediate courts of appeals appear to disagree whether an unmet exhaustion-of-remedies requirement for a potential claim precludes a trial court from authorizing depositions to investigate the potential claim in a Rule 202 proceeding. Compare In re Bailey-Newell , 439 S.W.3d 428, 432 (Tex. App.-Houston [1st Dist.] 2014, orig. proceeding) (directing trial court to vacate order authorizing Rule 202 depositions because such depositions would circumvent statutorily required administrative procedures outlined in the Texas Labor Code), with In re Contractor's Supplies, Inc. , No. 12-09-00231-CV, 2009 WL 2488374, at *3 (Tex. App.-Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) (holding the exhaustion-of-remedies doctrine did not preclude Rule 202 depositions in a worker's compensation case because a Rule 202 petition "does not request final or even preliminary adjudication of the petitioner's claims" and therefore does not interfere with the exclusive jurisdiction of an administrative agency), and City of Willow Park v. Squaw Creek Downs, L.P. , 166 S.W.3d 336, 341 (Tex. App.-Fort Worth 2005, no pet.) (holding the primary jurisdiction doctrine did not preclude Rule 202 depositions regarding a potential claim over municipal water service because a Rule 202 petition does not seek final or even preliminary adjudication but only seeks an investigation of potential claims).[11]
Durrell's allegations in the present case, however, not only encompass potential claims against HISD employees, which HISD asserts required exhaustion of remedies under section 22.0514, but also potential claims against unknown nonemployees, for whom HISD makes no such assertion.[12] In fact, even if Durrell were required at this stage to exhaust remedies regarding his potential claims rather than his requests for information (a matter on which we express no opinion), nothing in section 22.0514 suggests that Durrell would be required to exhaust available administrative remedies before filing suit against someone who may have been involved in the incident but was not a professional employee of the school district.
At this pre-suit stage, Durrell knows only that C.B.D. was injured while at school but does not know how the injury occurred or who may have been involved. Without this information-information HISD possesses and thus far has withheld-Durrell cannot know whether his claims will require exhaustion of remedies or, if exhaustion is required, whether HISD offers adequate procedures to address C.B.D.'s injuries.
Because Durrell's allegations encompass potential claims against nonemployees on which he would not have to exhaust his administrative remedies, Durrell's failure to plead that he exhausted his administrative remedies as to his potential claims against professional employees of HISD did not deprive the trial court of subject matter jurisdiction over his Rule 202 petition. See Tcholakian , 2012 WL 4465349, at *4-5 (affirming denial of government entity's *309 plea to the jurisdiction where Rule 202 petition sought discovery related to potential claims again nongovernmental third party); Donna I.S.D. , 299 S.W.3d at 460-61 (explaining that if evidence obtained through pre-suit discovery established that suit was warranted on causes of action against non-employees, petitioner would not be required to exhaust administrative remedies before filing suit). Accordingly, we overrule HISD's second issue.
We affirm the trial court's order denying HISD's plea to the jurisdiction.
( Frost, C.J., concurring).
Kem Thompson Frost, Chief Justice, concurring.
This appeal presents unanswered questions about the "proper court" for proceedings under Texas Rule of Civil Procedure 202, which governs the taking of depositions when no lawsuit is pending.[1]
A Rule 202 petition "must ... be filed in a proper court of any county: (1) where venue of the anticipated suit may lie, if suit is anticipated ; or (2) where the witness resides, if no suit is yet anticipated ."[2] Under the clear text of Rule 202, a petitioner investigating a potential claim could fall into either category: the petitioner may anticipate filing suit when the petitioner seeks relief under Rule 202, or the petitioner may not yet anticipate filing suit.[3]
The "Proper Court" When the Petitioner Anticipates Filing Suit
If the Rule 202 petitioner anticipates filing a suit, then venue lies in any county in which venue would be proper for the anticipated suit, and the Supreme Court of Texas has held that a "proper court" in this scenario is one that would have subject-matter jurisdiction over the anticipated action.[4]
The "Proper Court" When the Petitioner Does Not Yet Anticipate Filing Suit
The parties have not cited and research has not revealed any binding precedent addressing the "proper court" for a Rule 202 petitioner who does not yet anticipate filing suit and thus for whom venue for the Rule 202 proceeding is any county in which the witness resides rather than any county in which venue for the anticipated suit would lie.[5] A Rule 202 petitioner may seek to investigate a potential claim or suit and also anticipate filing suit.[6] Indeed, in recent cases from the Supreme Court of Texas, the petitioner sought Rule 202 relief to investigate a potential claim and also anticipated filing suit.[7]
If a Rule 202 petitioner does not yet anticipate filing a suit, then an anticipated suit does not exist, so it would not be possible to determine whether a court *310 would have subject-matter jurisdiction over it. (In an anticipated suit, potential parties and claims can be identified, but if a suit is not yet anticipated, these variables are not yet known.) In this scenario, a "proper court" would be a court having subject-matter jurisdiction to order the Rule 202 deposition of a witness in a county in which the witness resides.[8] Because district courts are courts of general jurisdiction and no statute or law provides that district courts lack jurisdiction to order the Rule 202 deposition of a witness in a county in which the witness resides, any district court in a county in which the witness resides would have jurisdiction to order a Rule 202 deposition when the petitioner does not yet anticipate filing a suit.[9] Simply stated, when no suit is yet anticipated, the general-jurisdiction-court presumption applies,[10] and the Rule 202 petitioner may seek Rule 202 relief in any district court in a county in which the witness resides.[11]
Determining the "Proper Court" in Today's Appeal
This court must review the trial court's ruling based upon the record before the trial court when the trial court made the ruling at issue and not based upon events occurring or materials presented after the trial court's ruling.[12] In his original and first amended Rule 202 petitions appellee Albert Durrell asserted that he was investigating a potential claim, but he did not expressly address whether he anticipates filing a suit. Durrell's live pleading and the other documents before the trial court when the trial court denied appellant Houston Independent School District's plea to the jurisdiction indicate that Durrell did not yet anticipate filing a suit. So, the trial court had subject-matter jurisdiction to rule on Durrell's Rule 202 petition because the trial court is a district court whose general jurisdiction includes jurisdiction to order the Rule 202 deposition of a witness in a county in which the witness resides.[13]
In the alternative, even presuming for the sake of argument that Durrell anticipates filing a lawsuit against one or more parties whose allegedly tortious conduct appears to have caused injury to C.B.D, then a proper court to entertain the Rule *311 202 petition is a court that would have subject-matter jurisdiction over the anticipated lawsuit.[14] In this scenario, Durrell's failure to allege that his son's injuries resulted from the use of a motor vehicle does not compel the conclusion that governmental immunity would deprive the trial court of subject-matter jurisdiction over the anticipated lawsuit. And, Durrell's first issue would lack merit under the majority's analysis.
Conclusion
The trial court did not err in denying appellant's plea to the jurisdiction. Though I join this court's judgment and the majority's analysis as to the second issue, I respectfully decline to join the majority's analysis as to the first issue and instead would analyze the first issue under the framework set forth above.

A governmental unit such as HISD is permitted to file an interlocutory appeal from a trial court's denial of a plea to the jurisdiction. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8).

In a later pleading in the trial court, HISD suggested that it had allowed the video to be overwritten. No evidence was provided in support of this assertion.

HISD labelled its pleading as a "Motion to Dismiss/Plea to the Jurisdiction." We will refer to the pleading as a "plea to the jurisdiction" for simplicity's sake. See generally Smalley v. Smalley , 436 S.W.3d 801, 805 (Tex. App.-Houston [14th Dist.] 2014, no pet.) (explaining that a motion to dismiss challenging subject matter jurisdiction is the "functional equivalent" of a plea to the jurisdiction).

Section 22.0511(a) reads as follows:
A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.
Tex. Educ. Code § 22.0511(a).

HISD claims both governmental immunity and sovereign immunity; however, independent school districts such as HISD enjoy governmental immunity, not sovereign immunity. See, e.g., Wichita Falls State Hosp. v. Taylor , 106 S.W.3d 692, 694 n.3 (Tex. 2003). We will therefore address only HISD's claim of governmental immunity.

A plea to the jurisdiction may alternatively challenge the existence of jurisdictional facts, as opposed to simply challenging the facts as alleged in the petition. See Mission Consol. I.S.D. v. Garcia , 372 S.W.3d 629, 635 (Tex. 2012). When the existence of facts is challenged, the trial court's review mirrors that of a traditional summary judgment proceeding and the defendant carries the initial evidentiary burden. Id. Here, HISD has not attempted to challenge the existence of jurisdictional facts but only challenges the sufficiency of the pleadings.

Combs is a plurality opinion, but the dissenting justice joined the reasoning of the plurality on all points for which we cite the opinion. 410 S.W.3d at 540-41 (Jones, C.J., dissenting).

Section 101.021 provides that a governmental unit in Texas is liable for:
(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
(B) the employee would be personally liable to the claimant according to Texas law; and
(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.
Tex. Civ. Prac. & Rem. Code § 101.021. Section 101.051 provides that "[e]xcept as to motor vehicles, [the waiver of immunity in chapter 101] does not apply to a school district." Id. § 101.051.

Any claims of negligent supervision by HISD alleged in Durrell's amended petition likely would be precluded by HISD's governmental immunity. See Breckenridge I.S.D. v. Valdez , 211 S.W.3d 402, 411 (Tex. App.-Eastland 2006, no pet.).

Although HISD did not raise the failure to exhaust administrative remedies in its plea to the jurisdiction, such failure can be raised for the first time on appeal. See, e.g., Clint I.S.D. v. Marquez , 487 S.W.3d 538, 558 (Tex. 2016). In such situations, when an appellate court determines that a jurisdictional defect exists due to the failure to plead exhaustion of remedies, it must ordinarily remand the case to afford parties an opportunity to amend their pleadings to cure the defect. See Rusk State Hosp. v. Black , 392 S.W.3d 88, 96-97 (Tex. 2012) ; Miranda , 133 S.W.3d at 231.

While the Texas Supreme Court has not directly addressed this question, its recent pronouncements concerning subject matter jurisdiction in Rule 202 cases (post Contractor's Supplies and City of Willow Park ) would likely provide guidance on this issue were we to reach it. See In re DePinho , 505 S.W.3d 621 (Tex. 2016) ; City of Dallas , 501 S.W.3d at 73 ; Wolfe , 341 S.W.3d 932.

As required in such cases, we accept Durrell's factual allegations as true for purposes of our analysis. See Miranda , 133 S.W.3d at 226-27 ; Advanced Powder Sols., Inc. v. Harris Cty. Appraisal Dist. , 528 S.W.3d 779, 783 (Tex. App.-Houston [14th Dist.] 2017, pet. filed).

See Tex. R. Civ. P. 202.

Tex. R. Civ. P. 202.2 (emphasis added).

See Tex. R. Civ. P. 202.1 ; 202.2(b),(d),(e),(f); 202.3(a); 202.4(a); In re John Doe , 444 S.W.3d 603, 605, 607-08 (Tex. 2014) (noting that a Rule 202 petitioner may not anticipate filing a suit).

See Tex. R. Civ. P. 202.2 ; In re John Doe , 444 S.W.3d at 605, 607-08 (concluding that a "proper court" under Rule 202.2 for a petitioner investigating a potential claim who anticipates filing a suit is a court that would have subject-matter jurisdiction over the anticipated action).

See Tex. R. Civ. P. 202.2.

See Tex. R. Civ. P. 202.1 ; In re John Doe , 444 S.W.3d at 604-05.

See, e.g., In re City of Dallas , 501 S.W.3d 71, 73-74 (Tex. 2016) (per curiam) (noting that Rule 202 petitioner sought Rule 202 relief to investigate a potential claim and also anticipated filing suit); In re John Doe , 444 S.W.3d at 604-05 (noting that Rule 202 petitioner sought Rule 202 relief to investigate a potential claim and also anticipated filing suit); City of Dallas v. City of Corsicana , Nos. 10-14-00090-CV, 10-14-00171-CV, 2015 WL 4985935, at *1 (Tex. App.-Waco Aug. 20, 2015) (noting that Rule 202 petitioner anticipated filing suit), pet. denied & mand. cond. granted , 501 S.W.3d 71, 73-74 (Tex. 2016).

See Tex. R. Civ. P. 202.2.

See Tex. Const. art. V, § 8 ; Tex. Gov't Code §§ 24.007, 24.008 ; Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000) (stating that "[a] Texas district court ... is a court of general jurisdiction .... For courts of general jurisdiction, ... the presumption is that they have subject matter jurisdiction unless a showing can be made to the contrary") (quotations omitted).

See Tex. Const. art. V, § 8 ; Tex. Gov't Code §§ 24.007, 24.008 ; Dubai Petroleum Co. , 12 S.W.3d at 75.

See Tex. R. Civ. P. 202.2.

See Univ. of Tex. v. Morris , 162 Tex. 60, 344 S.W.2d 426, 429 (1961) (holding that appellate court, in determining correctness of a trial court ruling, does not consider events that occurred after the ruling unless they deprive the appellate court of jurisdiction); Keck v. First City Nat. Bank of Houston , 731 S.W.2d 699, 700 (Tex. App.-Houston [14th Dist.] 1987, no writ) (concluding that, in reviewing a trial court ruling, it is improper for an appellate court to consider pleadings, actions by the parties, or actions by other courts taking place after the trial court rendered the ruling at issue, unless the subsequent matters deprive the appellate court of jurisdiction).

See Tex. Const. art. V, § 8 ; Tex. Gov't Code §§ 24.007, 24.008 ; Tex. R. Civ. P. 202.2 ; Dubai Petroleum Co. , 12 S.W.3d at 75.

See In re John Doe , 444 S.W.3d at 607-08.