**Petition for Writ of Mandamus Denied and Majority and Concurring Opinions filed June 6, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00267-CV

---

## IN RE KOSMOS ENERGY SAO TOME AND PRINCIPE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-71987**

---

## CONCURRING OPINION

Today the court addresses the merits of relator Kosmos Energy Sao Tome and Principe's petition for writ of mandamus and denies relief, concluding that Kosmos failed to show that the respondent trial judge clearly abused her discretion in denying Kosmos's motion to quash the deposition of Andrew Inglis and requiring Kosmos to produce him for deposition. This court should not reach the

merits because Kosmos has failed to show that the record provided to this court is the same record the trial court reviewed in making its decision.

Shortly after filing its petition for writ of mandamus and mandamus record, Kosmos sought to withdraw the original mandamus record and file an amended mandamus record. The proffered amended record contained redacted documents. The original one had no redactions. By filing an amended record rather than a supplemental record, the amended record would take the place of the original record and essentially make the original record unavailable to the court and to the public. If, instead, Kosmos had filed a supplemental record with the same redactions, then this court could have decided the case on the unredacted record because the record would have consisted of both the redacted version and the unredacted version. By amending rather than supplementing, Kosmos effectively substituted the redacted record for the unredacted one and made it impossible for this court to review what the trial court reviewed.

The parties have not asserted that the trial court put the redacted documents under seal or that the trial court reviewed them under seal or that the documents were similarly redacted in the trial court.

Texas Rule of Civil Procedure 76a, entitled "Sealing Court Records," provides that court records, as defined in the rule, other than orders or opinions, are presumed to be open to the general public and may be sealed only upon a showing of each of the following:

(a) a specific, serious and substantial interest which clearly outweighs:

> (1) this presumption of openness;
>
> (2) any probable adverse effect that sealing will have upon the general public health or safety;
>
> (b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.[1]

(the "Rule 76a Showing"). When a trial court seals documents and no party challenges the sealing order, this court typically carries the protection into the original proceeding, maintaining the trial court's sealing order.

When Kosmos filed this mandamus proceeding, Kosmos did not seek to file the record under seal, nor did Kosmos assert that the trial court had sealed any documents made part of the mandamus record. Likewise, when Kosmos sought to amend the mandamus record by substituting redacted documents, Kosmos did not assert that Kosmos had made the Rule 76a Showing in the trial court vis-à-vis the redacted documents or even that the redacted documents had been presented to the trial court or filed or made a part of the trial-court record.

Nonetheless, a divided panel of this court allowed Kosmos to file the amended record. The order allowing Kosmos to file the amended record noted that "Chief Justice Frost would deny the motion because the amended mandamus record contains documents with redactions; relator has not shown that the documents reviewed by the trial court were similarly redacted and in considering the request for mandamus relief, this court must review the same evidence the trial court considered." Still, Kosmos took no action to show that the documents the

---

[1] Tex. R. Civ. P. 76a(1).

respondent trial judge reviewed were the same redacted documents comprising the amended mandamus record.

Now, the original record is no longer part of the court's mandamus record. At least thirteen pages of the amended record contain redacted material — material that is blocked from this court's (and the public's) view. If the trial court reviewed information not available to this court, on review of the trial court's ruling, this court would be unable to determine if the trial court abused its discretion based on the evidence before the trial court when the court issued the challenged ruling. If this court were to conclude that the trial court abused its discretion based on the redacted, amended record, it is possible that this court would have reached the opposite conclusion if this court were considering the unredacted record that was before the trial court. It would not be fair to mandamus the trial court or order the trial court to vacate its order based on our review of a different record.

In considering Kosmos's request for mandamus relief, this court must review the same evidence the trial court considered.[2] We are unable to do that without going outside our record, an act the rules and appellate practice prohibit. Under these circumstances, this court need not and should not reach the merits of Kosmos's petition for mandamus relief. It would be like watching only a portion

---

[2] *See Univ. of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961) (concluding that the Supreme Court of Texas's "action must be controlled by the record made in the trial court at the time the [trial court's ruling] was issued"); *Keck v. First City Nat. Bank of Houston*, 731 S.W.2d 699, 700 (Tex. App.—Houston [14th Dist.] 1987, no writ) (stating that this court's action must be based on the record made in the trial court at the time of the trial court's ruling).

of a filmed episode and deciding what happened. The missing parts might change everything. That is why reviewing courts must parachute into the trial-court record and review the trial court's ruling based on what was before the trial court, not based on a record redacted after the fact.[3]

Parties cannot make an end run around Rule 76a by giving the court of appeals only a record containing documents redacted after the trial court's ruling. That approach deprives the public of the protections of Rule 76a and skews the analysis in the court of appeals.

Kosmos's failure to make the requisite same-record-as-the-trial-court-reviewed showing effectively disqualifies Kosmos from getting mandamus relief. This court need not — and should not — reach the merits for if in analyzing the merits the court concluded that the trial court abused its discretion in making the ruling, this court could hardly grant affirmative relief because it would have to do so based on a different record.[4] Because such a holding would be unsupportable under our precedent, the better course is to deny relief based on the failure to make the requisite showing that the proffered mandamus record contains the same documents — redactions included — the trial court reviewed.[5] Because the court instead addresses the merits, I respectfully decline to join the majority opinion.

---

[3] *See Morris*, 344 S.W.2d at 429; *Keck*, 731 S.W.2d at 700.

[4] *See Morris*, 344 S.W.2d at 429; *Keck*, 731 S.W.2d at 700.

[5] *See Morris*, 344 S.W.2d at 429; *Keck*, 731 S.W.2d at 700.

But I agree that Kosmos has failed to show its entitlement to mandamus relief, so I concur in this court's judgment.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Wise and Zimmerer (Wise, J., majority)