**Vacated in Part, Affirmed in Part, and Memorandum Opinion filed March 31, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00340-CV

---

### MARY STAMOS, Appellant

### V.

### HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee

---

### On Appeal from the 157th District Court
### Harris County, Texas
### Trial Court Cause No. 2017-22981

---

## MEMORANDUM OPINION

A former teacher sued her former school-district employer asserting tort claims and a breach-of-contract claim. The school district filed a plea to the jurisdiction arguing that governmental immunity deprived the trial court of jurisdiction over the tort claims and that the trial court lacked jurisdiction over the breach-of-contract claim based on several issues as to failure to exhaust administrative remedies. In the same document the school district moved for

summary judgment as to the merits of the breach-of-contract claim. The trial court granted both the plea to the jurisdiction and the summary-judgment motion and dismissed the plaintiff's claims with prejudice. Concluding that the plaintiff has not shown that the trial court erred in granting the plea to the jurisdiction, we affirm the trial court's dismissal with prejudice based on the granting of the plea to the jurisdiction. But, because the trial court concluded that it lacked jurisdiction, the trial court erred in granting summary judgment on the merits. So, we vacate that part of the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Mary Stamos worked as a first-grade teacher at Kolter Elementary School in appellee/defendant Houston Independent School District from 2013 to 2017. After Stamos stopped working at Kolter Elementary, she filed suit against the school district in the trial court. Stamos alleged that mold was present in the classrooms in which she taught at Kolter and that the mold adversely affected her health. Stamos asserted that the school district knew or should have known about the mold as well as its effect on her health. Stamos alleged that she has experienced significant and permanent deterioration of her health, including permanent loss of her sense of smell. According to Stamos, she requires four allergy shots per week, a sinus implant, repeated sinus scopes, and nasal shots. Stamos sought to recover $6,300 in out-of-pocket medical expenses that she allegedly incurred as a direct result of teaching in the allegedly mold-contaminated environment at Kolter Elementary. Stamos also sought to recover a $4,125 bonus that she claims she would have received but for absences necessitated by doctor appointments. Stamos asserted a breach-of-contract claim as well as purported tort claims for "gross negligence," "premises liability," fraud, and negligence. Stamos sought to recover medical-care expenses as well as damages for pain and suffering,

physical impairment, mental anguish, lost wages, attorney's fees, and punitive damages.

The school district filed a plea to the jurisdiction asserting that Stamos had not alleged or shown any waiver of the school district's governmental immunity as to Stamos's tort claims and that governmental immunity deprived the trial court of subject-matter jurisdiction over the tort claims. The school district also argued that because Stamos failed to exhaust her administrative remedies, the trial court lacked subject-matter jurisdiction over the breach-of-contract claim. In the same filing, the school district also moved for summary judgment on the merits of Stamos's breach-of-contract claim.

The trial court granted both the plea to the jurisdiction and the summary-judgment motion and dismissed Stamos's claims with prejudice.

## II.  ISSUES AND ANALYSIS

On appeal, Stamos presents two issues: (1) the trial court erred in granting the school district's summary-judgment motion; and (2) the trial court erred in granting the school district's plea to the jurisdiction.

Because subject-matter jurisdiction is a question of law, we conduct a de novo review of the trial court's granting of the plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The school district is a political subdivision of the state entitled to immunity from suit under the doctrine of governmental immunity absent a waiver of that immunity. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Generally, for there to be a waiver of immunity from suit, the Texas Legislature must have waived immunity from suit as to the claim in question, and the waiver must be manifested by clear and unambiguous language. *See* Tex. Gov't Code Ann.

3

§ 311.034 (West, Westlaw through 2019 R.S.) (providing that a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332–33 (Tex. 2006).

**A. Did the trial court err in granting the plea to the jurisdiction as to the tort claims?**

Stamos asserts that the trial court erred in granting the plea to the jurisdiction as to her tort claims. The school district asserted that it enjoyed immunity from suit as to these claims because Stamos had not alleged or shown any waiver of the school district's governmental immunity. In its plea to the jurisdiction the school district challenged Stamos's pleadings as to the tort claims. In this situation, the trial court had to determine if Stamos had alleged facts that affirmatively demonstrate the court's jurisdiction. *Miranda,* 133 S.W.3d at 226. Whether the plaintiff has met this burden is a question of law that we review de novo. *Id.* In making this determination, we construe the pleadings liberally in favor of the plaintiff, consider the pleader's intent, and accept as true the factual allegations in the pleadings. *Id.*

The Texas Tort Claims Act waives the governmental immunity of school districts only as to claims for certain types of property damage, personal injury, and death, all of which must arise from the operation or use of a motor-driven vehicle or motor-driven equipment. *See* Tex. Civ. Prac. & Rem. Code Ann. §§101.021, 101.051 (West, Westlaw through 2019 R.S.); *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 656; *Houston Indep. Sch. Dist. v. Durrell*, 547 S.W.3d 299, 306 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The waiver of immunity as to certain claims for personal injury and death caused by a condition or use of tangible personal or real property does not apply to claims against school districts. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051; *Mission Consol.*

4

*Indep. Sch. Dist.*, 253 S.W.3d at 656; *Durrell*, 547 S.W.3d at 306.

Stamos does not assert any claims that allegedly arise from the operation or use of a motor-driven vehicle or motor-driven equipment. Stamos has not cited any statute allegedly waiving governmental immunity other than the Texas Tort Claims Act. We conclude the trial court did not err in granting the school district's plea to the jurisdiction as to Stamos's tort claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051; *Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 656; *Durrell*, 547 S.W.3d at 306.

**B. Did the trial court err in granting the plea to the jurisdiction as to the breach-of-contract claim?**

Stamos asserts that the trial court erred in granting the plea to the jurisdiction as to her breach-of-contract claim. The school district attached to its jurisdictional plea a document setting forth various administrative remedies and asserted that Stamos failed to exhaust these administrative remedies. In addition, the school district asserted that Stamos also had to exhaust her administrative remedies before the Commissioner of Education under Education Code section 7.057(a)(2)(B). *See* Tex. Educ. Code Ann. § 7.057(a)(2)(B) (stating that "[e]xcept as provided by Subsection (e), a person may appeal in writing to the [Commissioner of Education] if the person is aggrieved by . . . actions or decisions of any school district board of trustees that violate . . . a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee"). In its plea, the school district asserted that the trial court lacked jurisdiction for the additional reason that Stamos had failed to plead that she timely exhausted her administrative remedies before the Commissioner of Education. *See Brownsville Indep. Sch. Dist. v. Rendon*, No. 13-17-00628-CV, 2018 WL 1755878, at *2–4 (Tex. App.—Corpus Christi Apr. 12,

2018, no pet.) (concluding that trial court lacked jurisdiction over school-district employee's breach-of-contract claim because employee failed to plead that he had exhausted administrative remedies before the Commissioner of Education under Education Code section 7.057(a)(2)(B)) (mem. op.).

The trial court did not specify or limit the ground on which it granted the school district's jurisdictional plea. To succeed in her appeal from this ruling, Stamos must challenge all independent grounds asserted in the jurisdictional plea. *See City of Mont Belvieu v. Enter. Prods. Operating, LP*, 222 S.W.3d 515, 519 (Tex. App.—Houston [14th Dist.] 2007, no pet.). On appeal, Stamos does not cite any part of Education Code section 7.057, nor does she mention the Commissioner of Education. Nor does Stamos mention that the trial court granted the jurisdictional plea based in part on the school district's argument that the trial court lacked jurisdiction because Stamos had failed to plead that she timely exhausted her administrative remedies before the Commissioner of Education. Stamos does not assert that this ground was erroneous.

Stamos cites *Mission Consolidated Independent School District v. Flores*, but that case did not address Education Code section 7.057 or pleading exhaustion of administrative remedies before the Commissioner of Education. *See* 39 S.W.3d 674, 676–78 (Tex. App.—Corpus Christi 2001, no pet.). In addition, after the Thirteenth Court of Appeals decided *Flores*, the Supreme Court of Texas abrogated the main point for which Stamos cites *Flores* — that a school district cannot rely on its grievance procedures to defeat jurisdiction unless the employee had notice of these procedures. *See Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 293–95 (Tex. 2001) (per curiam); *Flores*, 39 S.W.3d at 676–78.

Stamos cites a document that she claims shows her appeal of the denial of her bonus for the 2015-16 school year. Presuming for the sake of argument that

this document does show an appeal of this denial, the document does not show Stamos pursued her administrative remedies before the Commissioner of Education, nor does it address the school district's argument that the trial court lacked jurisdiction because Stamos had failed to plead that she timely exhausted her administrative remedies before the Commissioner of Education.

On appeal Stamos has not challenged the school district's argument in its jurisdictional plea that the trial court lacked jurisdiction because Stamos had failed to plead that she timely exhausted her administrative remedies before the Commissioner of Education. Therefore, Stamos has not shown that the trial court erred in granting the jurisdictional plea as to her breach-of-contract claim. *See S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435 S.W.3d 414, 418–19 (Tex. App.—Fort Worth 2014, no pet.); *City of Mont Belvieu*, 222 S.W.3d at 519.

**C. Did Stamos preserve error in the trial court as to her complaints that the trial court erred in dismissing her claims with prejudice and in not giving her an opportunity to amend her pleadings?**

In the alternative, Stamos complains that the trial court erred in dismissing her claims without first affording her the opportunity to amend her pleadings to cure any jurisdictional defect. While the general rule expresses a preference for allowing a plaintiff the opportunity to amend, a plaintiff can waive this opportunity through inaction. *See City of Houston v. Johnson*, 353 S.W.3d 499, 504–06 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Smith v. City of League City*, 338 S.W.3d 114, 125 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Despite notice of the school district's jurisdictional arguments, Stamos did not amend her petition. Stamos did not ask the trial court for an opportunity to replead or amend her pleadings at any time after the school district filed its plea to the jurisdiction. Stamos has waived her right to cure any jurisdictional defects though amending her pleadings. *See City of Houston*, 353 S.W.3d at 504–06; *Smith*, 338 S.W.3d at 125.

7

Stamos did not assert in the trial court that dismissal without prejudice rather than dismissal with prejudice would be the proper ruling. After the trial court dismissed her claims with prejudice, Stamos did not complain that the trial court erred in dismissing with prejudice. Thus, Stamos failed to preserve error on this point; so, she may not obtain a reversal of the trial court's judgment on this point. *See Martin v. State*, No. 14-08-01174-CV, 2009 WL 2146025, at *1, n.1 (Tex. App.—Houston [14th Dist.] Jul. 21, 2009, no pet.) (mem. op); *Andrews v. ABJ Adjusters, Inc.,* 800 S.W.2d 567, 569 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

**D.     Did the trial court err in granting the summary-judgment motion?**

The trial court granted the summary-judgment motion more than a month before the motion was set for hearing and thus before the deadline for Stamos to file a response in opposition to the summary-judgment motion. Stamos preserved error on this point in her motion to reconsider. In addition, in its summary-judgment motion the school district did not raise any jurisdictional point and addressed only the merits of Stamos's breach-of-contract claim. The trial court, having decided to grant the jurisdictional plea based on a lack of subject-matter jurisdiction, should not have addressed the merits by granting summary judgment. *See Curry v. Harris Cty. Appraisal Dist*., 434 S.W.3d 815, 820 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The trial court erred in granting the school district's summary-judgment motion. We vacate the part of the trial court's judgment in which the court grants the summary-judgment motion. *See id*.

### III. CONCLUSION

Stamos has not shown that the trial court erred in granting the jurisdictional plea as to any of her claims. By failing to ask the trial court for an opportunity to

8

amend her pleadings, Stamos waived her right to cure any jurisdictional defects by amending the pleadings. Stamos failed to preserve error in the trial court on her argument that dismissal without prejudice rather than dismissal with prejudice would be the proper remedy for the school district's jurisdictional plea. So, Stamos may not obtain a reversal of the trial court's judgment on this point. We overrule Stamos's second issue and affirm the trial court's order granting the school district's plea to the jurisdiction and dismissing Stamos's claims with prejudice.

The school district's summary-judgment motion had not even been submitted to the trial court for ruling when the trial court granted it, and, in any event, the trial court should not have ruled on a summary-judgment motion addressing the merits once the trial court concluded that it lacked subject-matter jurisdiction. We sustain the first issue and vacate the part of the trial court's judgment granting the school district's summary-judgment motion.


/s/      Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.