**Appeal Dismissed, Motion Denied as Moot, and Memorandum Opinion filed March 29, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00662-CV

---

## D&L OIL AND GAS LLC; DARRELL MADDING; AND BAYKO, PREBEG, FAUCETT & ABBOTT PLLC V. TAI ACQUISITION CORPORATION, Appellants

### V.

## TAI ACQUISITION CORPORATION, Appellee

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2021-56699**

---

### MEMORANDUM OPINION

This is an appeal from an order signed October 15, 2021 granting an amended pre-suit petition for oral deposition and request for production of documents pursuant to Texas Rule of Civil Procedure 202. The amended petition contemplates the filing of suit involving the transfer of funds allegedly owned by appellee TAI

Acquisition Corporation ("TAI") from an account owned by appellant Bayko, Prebeg, Faucett & Abbott PLLC ("Bayko"), as well as a prior settlement agreement regarding those funds allegedly entered into by appellee and appellants D&L Oil and Gas LLC ("D&L") and Darrell Madding.[1]  Based on the amended petition's text, TAI seeks pre-suit depositions and production of documents in association with its investigation of potential claims against all three appellants.[2]

Under Texas Supreme Court authority, pre-suit deposition orders under Rule 202 "are appealable only if sought from someone against whom suit is not anticipated." *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008).  The reason for this is because such orders are "ancillary to the subsequent suit, and [are] thus neither final nor appealable." *Id.*  As TAI's amended petition indicates it is contemplating suit against all three appellants, that situation is present here.

After appellants were requested to demonstrate this court's jurisdiction, Bayko and D&L, though not Madding, filed a letter addressing that issue.  Their letter acknowledges they were unclear whether the appropriate way to challenge the trial court's order was through an ordinary appeal or through a petition for a writ of

---

[1] Although the amended petition seeks to depose Bayko and D&L, it does expressly seek to depose Madding, and it is unclear whether any of its requested discovery would require someone to obtain documents or information from Madding.  However, regardless of whether Madding could properly appeal from the trial court order as a nonparty, as this opinion makes clear, there is another basis why he cannot do so.  *Cf. Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 362 (Tex. 2021) (per curiam) (quoting *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 752 (Tex. 2017)) ("Generally, only a named party to the suit may bring an appeal.").

[2] Although the text of the rule speaks only of "the taking of a deposition on oral examination or written questions" without mentioning production of documents, *see* Tex. R. Civ. P. 202.1, documents are still regularly producible in a Rule 202 proceeding.  *In re Perrilloux*, 2020 WL 2092483, at *4 (Tex. App.—Dallas May 1, 2020, orig. proceeding) (citing *In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App.—Tyler 2018, orig. proceeding)) (holding Rule 202 authorizes pre-suit production of documents); *see also Hous. Indep. Sch. Dist. v. Durrell*, 547 S.W.3d 299, 302–03 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (rejecting a plea to the jurisdiction against a Rule 202 petition seeking both an oral deposition and the production of documents).

mandamus. However, they have not provided any basis for this court to properly provide relief through a direct appeal.[3]

The only other matter pending in this case is appellants' motion for an extension of time to file their merits brief in this case. Therein, appellants seek to be given twenty-one days until after this court resolves the question of its appellate jurisdiction to file their brief. This opinion has resolved the jurisdictional question, but since the answer means this case should come to an end without any need for merits briefing, appellants' extension is no longer required.

Accordingly, due to the lack of any basis for exercising jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction and deny as moot appellants' motion for an extension to file a merits brief.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[3] D&L and Bayko have filed a mandamus proceeding in this court, Cause No. 14-21-00724-CV, similarly challenging the trial court's order on appellee's amended petition. That proceeding remains pending. Whether those two appellants warrant relief in that proceeding is a matter more properly resolved in that proceeding, rather than this direct appeal.