**Writ Denied and Appeal Dismissed, and Opinion Filed October 26, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00453-CV

### IN RE CITY OF DALLAS, Relator

### and

### CITY OF DALLAS, Appellant

### v.

### DALLAS COMPANION ANIMAL PROJECT, Appellee

**Original Proceeding and Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-17478**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Texas Rule of Civil Procedure 202 allows a trial court to authorize a deposition "to investigate a potential claim or suit." *See* TEX. R. CIV. P. 202.1. Dallas Companion Animal Project (DCAP) filed an amended petition pursuant to rule 202 requesting it be allowed to take a pre-suit deposition of the City of Dallas (the City) to investigate potential claims against the City, employees of the City, or third parties for defamation, business disparagement, and tortious interference with prospective business relations. The City filed two pleas to the jurisdiction and responded substantively to DCAP's petition. The trial court denied both pleas to the jurisdiction and granted DCAP's amended rule 202 petition.

The City filed an interlocutory appeal from the trial court's denial of the second plea to the jurisdiction. In an amended notice of appeal, the City indicated that, because the order granting the amended rule 202 petition was a final order, it was appealing not only that order, but the trial court's orders denying both pleas to the jurisdiction (the final appeal) and, alternatively, it was bringing an interlocutory appeal from an order denying "a plea to the jurisdiction" (the interlocutory appeal). Finally, the City filed a petition for writ of mandamus contending the trial court clearly abused its discretion by ordering the City to submit to a pre-suit deposition and the City did not have an adequate appellate remedy. In both its final appeal and its petition for writ of mandamus, the City argues the trial court erred by ordering the City to submit to a pre-suit deposition because (1) DCAP failed to plead facts that support a claim against the City or its employees for which immunity has been waived; (2) the trial court erred by finding the benefit of the ordered deposition outweighs the burden or expense of the procedure; and (3) DCAP failed to plead facts establishing the trial court had personal jurisdiction over any potential third-party defendant.[1]

We conclude that, because DCAP was seeking, in part, to investigate potential claims against the City, the trial court's order granting DCAP's amended rule 202 petition is not final and appealable. We, therefore, dismiss the City's final appeal for lack of jurisdiction. We deny the City's petition for writ of mandamus because DCAP alleged sufficient facts to establish the trial court had jurisdiction over the amended rule 202 petition and the trial court did not clearly abuse its discretion by determining the benefit of the ordered deposition outweighs the burden or expense

---

[1] By order of May 24, 2018, we consolidated the original proceeding (number 05-18-00597-CV, styled *In re City of Dallas*), with this appeal, treating the original proceeding as a closed case. The City's appeals and the original proceeding were argued together and we dispose of them together. *See Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 566 (Tex. App.—Dallas 2011, no pet.) (citing *In re Valero Energy Corp.*, 968 S.W.2d 916, 916–17 (Tex. 1998) (orig. proceeding.) (per curiam)).

of the procedure. Based on our resolution of the City's petition for writ of mandamus, we dismiss the City's interlocutory appeal as moot.[2]

## Background

DCAP is a nonprofit organization that has provided goods and services to the City's Department of Animal Services (DAS) for a number of years. In December 2016, the head of the DAS was replaced, and DCAP was informed by the City that there were questions regarding its activities. The City requested DCAP provide certain financial information, and DCAP did so. The City also informed DCAP that a memorandum of understanding was required before DCAP could continue its work with the DAS.

In February 2017, a reporter with the Dallas Morning News (DMN) told DCAP that there was a purported criminal investigation into DCAP's activities. DCAP alleges its "good name and reputation have been besmirched" by rumors of the investigation. DCAP further alleges it is largely dependent on grants for its funding, one or more individuals have communicated rumors of the investigation to third parties in an effort to harm DCAP's relationships with donors, and at least one of its grant requests was rejected because of the alleged investigation.

DCAP repeatedly attempted to obtain information from the City about the alleged investigation, culminating in a November 30, 2017 letter to T.C. Broadnax, the City manager, requesting information about the status of the alleged investigation and who DCAP could contact about it. After the City failed to respond to the letter, DCAP filed a rule 202 petition seeking authorization to depose a representative of the City about (a) whether a criminal investigation into DCAP's activities existed or had ever existed; (b) the current status of any such investigation; (c)

---

[2] Our opinion in *In re City of Dallas*, No. 05-18-00289-CV (Tex. App.—Dallas, Oct. 26, 2018, orig. proceeding) (mem. op.), which issued on the same date as this opinion, addresses similar legal arguments but different facts. In that case, Heather Russell filed a rule 202 petition to investigate potential claims. As in this case, we concluded that a petition for a writ of mandamus was the appropriate remedy for the City of Dallas because it was a potential defendant. However, unlike this case, we determined that Russell's rule 202 petition was insufficient and granted the City's petition for a writ of mandamus.

the general focus of any such investigation; (d) the individuals, either currently or formerly associated with the City, who had communicated with third parties about the investigation; (e) what had been communicated by individuals currently or formerly associated with the City to potential DCAP donors about the investigation; and (f) the contact information for the individuals currently in charge of any such investigation.

The City filed a plea to the jurisdiction, arguing the trial court did not have jurisdiction over the rule 202 petition because DCAP failed to allege facts demonstrating a potential injury caused by the City's actions that would constitute a claim that was not barred by governmental immunity. At the hearing on the City's plea, DCAP's attorney stated DCAP was not asserting claims against the City, but was seeking information from the City so that DCAP could ascertain "the propriety of bringing a lawsuit against currently unknown individuals for damages relating to defamation, business disparagement, [and] tortious interference [with] prospective business relations." The trial court denied the City's plea to the jurisdiction. The City did not file an interlocutory appeal of the trial court's ruling; rather, it filed a second plea to the jurisdiction in which it argued that, to the extent DCAP intended to assert claims against employees of the City, those employees were entitled to dismissal of the claims pursuant to section 101.106(f) of the civil practice and remedies code[3] and the City had not waived immunity for those claims.

DCAP filed an amended rule 202 petition in which it alleged it possibly had viable claims against (1) the City for negligence and negligent defamation, (2) City employees acting in their individual capacities or acting *ultra vires*, (3) employees of the City for "violations of U.S. civil

---

[3] Section 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

rights laws," or (4) unknown private individuals. DCAP attached exhibits to the amended petition that indicated there was, or at one time had been, a criminal investigation of DCAP; the media obtained information relating to the investigation; individuals who expressed concern to the City that the investigation was a "witch hunt" were assured it was not; and a Dallas City Councilman expressed concern over the authority of the DAS to order a criminal investigation, that City staff had "leaked" information about the investigation to the media, the City was "convicting groups in the press without due process in an effort to make itself look better," and the City's "smearing" of DCAP had "caused a loss of bundled funders." Maeleska Fletes, the president of DCAP, testified the requested deposition would benefit DCAP because it would clear DCAP's name so that its grant requests would be approved and it could resume helping the citizens and animals of Dallas. According to Fletes, the deposition would also enable DCAP to "get the facts" so that it could determine whether litigation was appropriate.

The trial court denied the City's second plea to the jurisdiction. The trial court found "the likely benefit of allowing DCAP to take the requested deposition to investigate a potential claim outweighs the burden or expense to the City . . . of the procedure," and granted DCAP's amended rule 202 petition. The trial court ordered the deposition could not exceed ninety minutes in length and was limited to the topics of whether a criminal investigation into DCAP's activities currently exists or has ever existed; what the City, or individuals either employed by the City or not, have communicated with third parties about the investigation; what has been communicated by the City, or individuals either employed by the City or not, to potential DCAP donors about the investigation; and whether, if City employees had communicated to third parties about a purported investigation, they had done so in the general scope of their employment duties and in good faith.

**Appeal or Mandamus**

We must first determine whether the City's complaints about the trial court's order granting DCAP's amended rule 202 petition are appropriately addressed through its final appeal or its request for mandamus relief. As relevant to requests for a pre-suit deposition to investigate a potential claim or suit, the supreme court has concluded:

> Presuit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated; when sought from an anticipated defendant (as here), such orders have been considered ancillary to the subsequent suit, and thus neither final nor appealable.

*In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) (internal footnotes omitted); *see also In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam) ("An improper order under Rule 202 may be set aside by mandamus.").

In determining whether the City is a potential defendant, we look to the substance of DCAP's pleading. *See In re Elliott*, 504 S.W.3d 455, 460 (Tex. App.—Austin 2016, orig. proceeding). In its amended rule 202 petition, DCAP requested the deposition so that it could investigate potential claims against the City and other parties. Further, at the hearing on the amended rule 202 petition, DCAP stated that it believed it might have viable claims against the City. Accordingly, because the City is a potential defendant in a possible subsequent suit, the trial court's order granting the requested deposition is ancillary to that possible suit against the City and is neither final nor appealable. *See In re Jorden*, 249 S.W.3d at 419. We, therefore, dismiss the City's final appeal for lack of jurisdiction and consider whether the City is entitled to relief by writ of mandamus from the trial court's order requiring the City to submit to a pre-suit deposition.

**Standard of Review**

We review a trial court's order granting a verified petition to take depositions before suit under an abuse of discretion standard. *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 568–69 (Tex. App.—Dallas 2011, no pet.). Mandamus is an extraordinary remedy granted only when a

–6–

relator shows that the trial court clearly abused its discretion and the relator has no adequate appellate remedy. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

A trial court has no discretion in determining what the law is or in applying the law to the facts, *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135, and abuses its discretion when it acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. Specifically, a trial court abuses its discretion by authorizing a pre-suit deposition when it does not have subject-matter jurisdiction over the action or personal jurisdiction over the potential defendant. *In re DePinho*, 505 S.W.3d 621, 623, 624 (Tex. 2016) (orig. proceeding) (per curiam) (subject-matter jurisdiction); *In re Doe (Trooper)*; 444 S.W.3d 603, 610–11 (Tex. 2014) (orig. proceeding) (personal jurisdiction).

Determining whether a party has an adequate remedy by appeal depends on the specific circumstances and requires a "careful balance of jurisprudential considerations." *In re Garza*, 544 S.W.3d at 840. "A party to a rule 202 proceeding has no adequate remedy by appeal if the trial court abused its discretion by ordering discovery that would compromise procedural or substantive rights." *In re PrairieSmarts LLC*, 421 S.W.3d 296, 304 (Tex. App.—Fort Worth 2014, orig. proceeding); *see also In re Jorden*, 249 S.W.3d at 420 (concluding relators did not have adequate remedy by appeal if trial court erred by granting rule 202 petition to investigate claim against healthcare provider because provider "unquestionably may lose substantive and procedural rights [under Chapter 74 of the civil practice and remedies code] if review [was] postponed").

**Rule 202**

Rule 202 permits a person to petition a trial court for authorization to take a deposition before suit is filed either (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (2) to investigate a potential claim or suit. Tex. R. Civ. P.

202.1. Rule 202 does not require a petitioner to plead a specific cause of action. *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 557 (Tex. App.—Dallas 2011, no pet.). Rather, the petition is required to state only the subject matter of the anticipated action, if any, and the petitioner's interest therein. TEX. R. CIV. P. 202.2(e); *Dallas Black Fire Fighters Ass'n*, 353 S.W.3d at 557. The nature of rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition. *In re East*, 476 S.W.3d 61, 66 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2014, orig. proceeding); *see also In re DePinho*, 505 S.W.3d at 624 (noting rule 202's pleading requirement is "fairly liberal").

Rule 202, like all the rules of civil procedure, was fashioned as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *Dallas Black Fire Fighters Ass'n*, 353 S.W.3d at 554 (quoting TEX. R. CIV. P. 1). However, "[r]ule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d at 423. Because rule 202 is not a license for forced interrogations, "[c]ourts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d at 933.

Pre-suit discovery under rule 202 is not an end within itself but exists in aid of an anticipated suit and is ancillary to the anticipated suit. *Id.* Rule 202, therefore, restricts the scope of discovery in depositions taken under rule 202 to "the same as if the anticipated suit or potential claim had been filed." TEX. R. CIV. P. 202.5. "[A] party 'cannot obtain by Rule 202 what it would be denied in the anticipated action,'" and cannot use rule 202 as "'an end-run around discovery limitations that would govern the anticipated suit,'" *In re DePinho*, 505 S.W.3d at 623 (quoting *In re Wolfe*, 341 S.W.3d at 933).

This limitation on pre-suit discovery is due to a court's inherent jurisdictional limitations: "a court cannot grant relief when it lacks jurisdiction of the subject matter," so "[i]t would make no sense to insist that a court ordering discovery to perpetuate testimony for a later-filed suit to be one . . . [without] subject-matter jurisdiction.

*In re DePinho*, 505 S.W.3d at 623 (quoting *In re Doe (Trooper)*, 444 S.W.3d at 607–08). Allowing a court without subject-matter jurisdiction over a potential suit to authorize rule 202 depositions "would untether pre-suit discovery from the suit it purports to be in aid of." *Id.* We must look to the substantive law of the underlying dispute or anticipated suit to determine whether the trial court had jurisdiction over the rule 202 petition. *Dallas Black Fire Fighter's Ass'n*, 353 S.W.3d at 554; *see also In re Dallas Cnty. Hosp. Dist.*, No. 05-14-00249-CV, 2014 WL 1407415, at \*3 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.) (concluding trial court erred by granting rule 202 petition because "there was no evidence before the trial court that could provide a basis for concluding that real party's potential claim would not be barred by sovereign immunity").

### Jurisdiction Over Rule 202 Petition

In its first issue, the City contends the trial court did not have subject-matter jurisdiction over the potential claims against the City and employees of the City because (1) the City is immune from DCAP's potential claims for defamation, business disparagement, and tortious interference with prospective business relations and DCAP failed to allege a waiver of that immunity, (2) DCAP failed to allege any facts to support a constitutional violation by the City or its employees, (3) any City employee who was acting in the course and scope of his employment is entitled to have the claims against him dismissed pursuant to section 101.106(f) of the civil practice and remedies code, and (4) DCAP failed to allege facts establishing that any City employee acted in his individual capacity or *ultra vires*. In its third issue, the City contends DCAP failed to allege facts establishing the trial court had personal jurisdiction over potential defendants who are not affiliated with the City.

A political subdivision in Texas, including a city, is immune from suit when performing a governmental function unless there has been a clear and unambiguous constitutional or statutory waiver of that immunity. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007); *see also Wasson Interests, Ltd. v. City of Jacksonville*, No. 17-0198, 2018 WL 4838309, at *2 (Tex. Oct. 5, 2018). Governmental immunity from suit deprives a trial court of subject-matter jurisdiction over lawsuits in which the governmental unit has been sued unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Dallas Black Fire Fighters Ass'n*, 353 S.W.3d at 552. Therefore, "[i]n a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

In determining whether the petitioner has affirmatively demonstrated the trial court's jurisdiction to hear the case, we consider the facts alleged in the petition and, to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). We examine the claims in the pleadings, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court. *City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 244 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 339 (Tex. App.—Fort Worth 2005, no pet.). We also take as true all evidence favorable to the petitioner in evaluating the jurisdictional issue. *Miranda*, 133 S.W.3d at 227–28.

When discovery from a governmental entity is sought under rule 202, the petition must set forth specific facts demonstrating that, at least potentially, the petitioner has been injured by actions that would amount to a claim that would not be barred by governmental immunity. *Combs v. Tex. Civil Rights Project*, 410 S.W.3d 529, 536 (Tex. App.—Austin 2013, pet. denied).

Although, "pre-suit depositions of governmental entities under rule 202 are not, in wholesale, barred by immunity," they may not be used "solely to investigate potential claims that are otherwise barred by sovereign immunity." *Id.* at 534, 535. The rule 202 petitioner, however, is not required to establish the trial court would have jurisdiction over the governmental entity in a possible future action. *Houston Indep. Sch. Dist. v. Durrell*, 547 S.W.3d 299, 306 (Tex. App.— Houston [14th Dist.] 2018, no pet.). Rather, the petitioner is required to establish only that the trial court would have subject-matter jurisdiction over the anticipated action. *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam); *Durrell*, 547 S.W.3d at 306. Therefore, in this case, regardless of whether the City may be immune from DCAP's claims in an eventual lawsuit or whether any City employee may be entitled to have DCAP's claims dismissed, the trial court had jurisdiction over DCAP's amended rule 202 petition if it otherwise had jurisdiction over the potential action. *See Durrell*, 547 S.W.3d at 306–07.

In its amended rule 202 petition, DCAP asserted that, in addition to investigating potential claims against the City, the deposition was necessary to investigate potential claims against (1) employees of the City acting in their individual capacity and (2) third parties. As to potential claims against employees of the City, DCAP specifically referenced, and attached to its amended rule 202 petition, an email from a Dallas City Councilman questioning the DAS's authority to initiate a criminal investigation and expressing concern about City staff leaking information about the investigation in an attempt to make the City "look good" and to "smear" DCAP.[4] We conclude DCAP alleged facts that, if true, could support a finding that a City employee acted outside the general scope of his employment in initiating, and disclosing information pertaining to, a criminal investigation of DCAP. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) ("Scope of

---

[4] As required in such cases, we accept DCAP's factual allegations as true for purposes of our analysis. *See U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d at 244; *Squaw Creek Downs, L.P.*, 166 S.W.3d at 339.

–11–

employment" is "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority."); *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017) ("[T]he Tort Claims Act focuses on 'performance . . . of the duties of an employee's office or employment,' which calls for an objective assessment of whether the employee was doing her job when she committed an alleged tort[.]" (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5)).

Further, DCAP stated in its amended rule 202 petition that it was seeking to investigate potential claims against third parties who would not have governmental immunity from DCAP's claims. A trial court can authorize a rule 202 deposition only if it is has personal jurisdiction over the potential defendant, and the rule 202 petitioner has the burden to plead allegations showing personal jurisdiction over the potential defendant. *In re Doe (Trooper)*, 444 S.W.3d at 608, 610. In its amended rule 202 petition, DCAP alleged that it assisted the City by providing services and supplies to DAS, the City questioned DCAP's activities and required it to submit financial information to the City, a reporter with the DMN told DCAP a criminal investigation had been instituted by the City into DCAP's activities, and one or more persons leaked information regarding the investigation to the DMN and to DCAP's donors with the intent to "smear" DCAP. We conclude these pleaded facts, if true, are sufficient to establish that potential third-party defendants, even if not residents of Texas, may have committed a tort in Texas and are therefore subject to personal jurisdiction in the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2); *TV Azteca, S.A.B. De C.V. v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016), *cert. denied*, 137 S. Ct. 2290 (2017) (Texas long-arm statute permits Texas courts to exercise personal jurisdiction over a nonresident defendant who commits tort in whole or in part in state).[5]

---

[5] We express no opinion on whether any potential defendant may ultimately be subject to the trial court's jurisdiction.

Construing DCAP's petition liberally and taking the alleged facts as true, we conclude DCAP pleaded sufficient facts to support a claim that employees of the City acted in their individual capacities in initiating, and disclosing information about, a criminal investigation into DCAP's activities[6] and to establish the trial court had personal jurisdiction over an unknown party or parties who were not affiliated with the City and may have disclosed information regarding the investigation. Accordingly, the fact the City may be immune from DCAP's claims or any City employee who acted in the course and scope of his employment may be entitled to a dismissal of DCAP's claims does not deprive the trial court of jurisdiction over DCAP's rule 202 petition. *See Durrell*, 547 S.W.3d at 307; *U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d at 245 ("Because a portion of the claim under investigation—a claim against Altivia—is under the jurisdiction of the state district court, the court did not err in denying the City's plea to the jurisdiction."); *Squaw Creek Downs, L.P.*, 166 S.W.3d at 341 (concluding trial court had jurisdiction over rule 202 petition because it had jurisdiction over one of the claims petitioner wished to investigate).

We resolve the City's first and third issues against it. Based on our resolution of these two issues, we conclude the City's interlocutory appeal is moot. *See Tandem Energy Corp. v. State ex rel. Dep't of Transp.*, No. 14-03-00815-CV, 2003 WL 22349032, at *1 (Tex. App.—Houston [14th Dist.] Oct. 16, 2003, no pet.) (per curiam) (mem. op.) (concluding appeal challenging order granting rule 202 petition was moot because appellate court had ruled on merits of petition for writ of mandamus concerning same order).

### Benefit Versus Burden

In its second issue, the City asserts the trial court erred by finding the benefit of the deposition outweighs the burden or expense of the procedure because it is "quite onerous" to

---

[6] Accordingly, we need not consider whether DCAP also pleaded sufficient facts to support a claim that employees of the City acted *ultra vires* or committed "violations of U.S. civil rights laws."

prepare for and submit to a corporate representative deposition, DCAP did not offer evidentiary proof that the benefit of the deposition outweighs its burden, and the deposition would compromise a criminal investigation.[7]

If, as in this case, a petitioner requests a pre-suit deposition to investigate a potential claim or suit under rule 202.1(b), the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *In re Heaven Sent Floor Care*, No. 05-16-00628-CV, 2017 WL 462352, at *2 (Tex. App.—Dallas Jan. 30, 2017, orig. proceeding) (mem. op.); *see also* TEX. R. CIV. P. 202.4(a)(2). The petitioner has the burden of producing evidence to support these required findings, *In re Heaven Sent Floor Care*, 2017 WL 462352, at *2, and the findings may not be implied from support in the record. *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding) (per curiam).

The evidence admitted at the hearing relevant to the benefit and the burden of the deposition consisted of Fletes's testimony, DCAP's amended rule 202 petition and the exhibits attached to it,[8] the November 30, 2017 letter from DCAP to Broadnax, and an email showing the letter was transmitted to Broadnax. Fletes testified the requested deposition would benefit DCAP because it could "clear its name," assist in getting DCAP's grant applications approved, and determine whether DCAP has a basis for a lawsuit. In its amended rule 202 petition, DCAP stated it had "requested the information both orally and in writing" and "submitted an extensive open

---

[7] The City also argued in its brief that the burden of the deposition outweighed the benefits to DCAP because "there is no claim and there is no jurisdiction." Because we have already determined the trial court appropriately exercised jurisdiction over DCAP's amended rule 202 petition, we will not consider this argument in our analysis.

[8] Although we recognize that generally a party's verified rule 202 petition does not constitute competent evidence and will not support an order granting the requested deposition, *In re Heaven Sent Floor Care*, 2017 WL 462352, at *2, DCAP's amended rule 202 petition and its attachments were admitted into evidence without objection by the City. *See Tex. Health Res. v. Pham*, No. 05-15-01283-CV, 2016 WL 4205732, at *7 (Tex. App.—Dallas Aug. 3, 2016, no pet.) (mem. op.) ("[G]enerally, pleadings and affidavits filed with the court cannot be considered as evidence unless they are admitted into evidence."); *In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.) (concluding trial court abused its discretion by finding benefit of rule 202 deposition outweighed the burden and expense of procedure because no evidence was presented at hearing and petitioner "did not formally offer or admit its verified pleading at the hearing"). Accordingly, DCAP's amended rule 202 petition was before the trial court as evidence and we will consider it on appeal.

records request," and had "no other avenue to obtain the requested information." As to the burden of the requested deposition, in the amended rule 202 petition, DCAP stated the City could avoid the burden of a deposition by responding to the November 30, 2017 letter, the City had in-house counsel and would not incur legal fees for the deposition, DCAP would pay for the cost of the deposition, the deposition would take place at City Hall, and because of the limited scope of the requested deposition, the time to prepare and defend a witness would be "inconsequential." The trial court limited the deposition to ninety minutes in length and allowed DCAP to question the witness on only four topics. We conclude DCAP submitted sufficient evidence to support the trial court's finding the benefit of the deposition outweighed the burden of the procedure on the City.

We therefore turn to the City's final argument—that the benefit of the deposition does not outweigh its burden because the order granting the deposition compromises a criminal investigation. Under the Texas Public Information Act, certain governmental entities are required to make "public information" available to the public. TEX. GOV'T CODE ANN. §§ 552.002; .021. "Public information" includes information that is maintained by a governmental body in connection with the transaction of its official business. *Id.* § 552.002. However, as relevant here, information held by a law enforcement agency or prosecutor, or an internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use, may be exempt from disclosure if release of the information would interfere with the detection, investigation, or prosecution of crime; deals with the detection, investigation, or prosecution of crime that did not result in conviction; or was prepared by an attorney representing the State in anticipation of or in the course of preparing for criminal litigation or reflects the mental impression or legal reasoning of an attorney representing the State. *Id.* 552.108(a)–(b); *see also A&T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 678 (Tex. 1995) (Section 552.108 "specifically excepts from disclosure information which would reveal law enforcement techniques to the public, unduly interfere with

–15–

law enforcement, and make it more difficult for an agency to do its job."). The purpose of the exception is to prevent disclosure of information that, "if released, would permit private citizens to anticipate weaknesses in a police department, avoid detection, jeopardize officer safety, and generally undermine police efforts to effectuate the laws of this State." *City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 327 (Tex. App.—Austin 2002, no pet.). The Texas Supreme Court has "recognize[d] this privilege in civil litigation for law enforcement investigation." *Hobson v. Moore*, 734 S.W.2d 340, 340–41 (Tex. 1987) (orig. proceeding); *see also In re Westwood Affiliates, L.L.C.*, 263 S.W.3d 176, 178 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding [mand. denied]).

The trial court ruled the City could not raise the law enforcement privilege against the deposition globally, but was required to assert it in response to individual questions during the deposition.[9] *See In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding) ("[A] blanket denial of all discovery in a civil case due to a pending criminal case is 'not good public policy.'"); *Tex. Appleseed v. Spring Branch Indep. Sch. Dist.*, 388 S.W.3d 775, 781–84 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (analyzing applicability of law enforcement privilege to each section of information redacted from school handbook). The trial court further ruled the City had not waived any privilege and could assert the privilege during the deposition, and the trial court would rule on each specific assertion of the privilege. *See In re R.R.*, 26 S.W.3d at 574 ("The trial court has an obligation to weigh each discovery request and apply the law for discovery or protection to each request by determining the least restrictive way to protect both cases and the defendant's right to defend himself in this suit."). Under these circumstances, we cannot conclude the trial court clearly abused its discretion by determining the benefit of the deposition outweighed

---

[9] The City has not challenged this ruling.

the burden on the City of asserting the possible application of the privilege during the deposition. We resolve the City's second issue against it.

## Conclusion

We deny the City's petition for writ of mandamus seeking to set aside the trial court's order granting the amended rule 202 petition because the City failed to establish the trial court clearly abused its discretion by ordering the City to submit to the deposition. Because the trial court's order granting the amended rule 202 petition is not a final order, we dismiss the City's final appeal for lack of jurisdiction. Based on our resolution of the City's petition for writ of mandamus, we dismiss the City's interlocutory appeal as moot.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

180453F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE CITY OF DALLAS, Relator

and

THE CITY OF DALLAS, Appellant

No. 05-18-00453-CV     V.

DALLAS COMPANION ANIMAL
PROJECT, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-17-17478.
Opinion delivered by Justice Fillmore,
Justices Lang and Schenck participating.

In accordance with this Court's opinion of this date:

The City of Dallas's appeal from the trial court's April 12, 2018 Order Granting Amended Rule 202 Verified Petition Requesting Order to Take Deposition to Investigate Potential Claims, April 12, 2018 Order Denying the City of Dallas's Second Plea to the Jurisdiction, and February 2, 2018 Order Denying the City of Dallas's Plea to the Jurisdiction is **DISMISSED** for want of jurisdiction; and

The City of Dallas's interlocutory appeal from the trial court's April 12, 2018 Order Denying the City of Dallas' Second Plea to the Jurisdiction is **DISMISSED** as moot.

It is **ORDERED** that appellee Dallas Companion Animal Project recover its costs of this appeal from appellant the City of Dallas.

Judgment entered this 26th day of October, 2018.