**CITY OF WILLOW PARK, Appellant,**

v.

**SQUAW CREEK DOWNS,
L.P., Appellee.**

**No. 2–04–397–CV.**

Court of Appeals of Texas,
Fort Worth.

May 19, 2005.

issued.

---

1. Frankly, it seems improper to dissent two months later to an opinion one joined when

Strasburger & Price, LLP and Rider Scott and Christine D. Roseveare, Dallas, TX, for Appellant.

Lafont, Tunnell, Formby, Lafont & Hamilton and Brent Hamilton, Plainview, TX, for Appellee.

PANEL B: HOLMAN, GARDNER, and McCOY, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. Introduction

In this case of first impression, we must decide whether a district court has jurisdiction over a rule 202 presuit discovery petition that concerns in part a dispute over which the legislature has conferred exclusive jurisdiction on a municipality and an administrative agency. Because we hold that the trial court does have jurisdiction under the facts presented by this case, we affirm the trial court's order denying the City of Willow Park's plea to the jurisdiction.

### II. Factual and procedural background

Parker County's Squaw Creek Downs, L.P. owns real property within the City of Willow Park and is served by Willow Park's municipal water and sewer utilities. Willow Park refused to provide water service to Squaw Creek because of allegedly unpaid water service charges. Willow Park also filed a lien against Squaw Creek's property for the unpaid charges. Squaw Creek disputes the validity of the charges and the lien.

Squaw Creek filed a rule 202 petition in the Parker County district court seeking permission to depose various Willow Park

officials. Willow Park filed a plea to the jurisdiction. The district court denied the plea, and Willow Park filed this appeal.

In its sole issue, Willow Park asserts that the trial court erred in denying its plea to the jurisdiction because the Texas Water Code confers exclusive original jurisdiction on the city and exclusive appellate jurisdiction on the Texas Commission on Environmental Quality. Alternatively, Willow Park argues that the doctrine of primary jurisdiction precludes the trial court from exercising its jurisdiction at this time.

### III. Standard of Review

█ A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits should never be reached. *Id.* Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

█ The party suing the governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). To determine whether Squaw Creek has affirmatively demonstrated the court's jurisdiction to hear the case, we consider the facts alleged in the petition, and to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court. *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868

(Tex.2001); *Bland ISD*, 34 S.W.3d at 555. Our task is not to decide the merits of the case but rather to examine the claims in the pleadings, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court. *Baston v. City of Port Isabel*, 49 S.W.3d 425, 427–28 (Tex.App.-Corpus Christi 2001, pet. denied).

█ We must construe the pleadings in the plaintiff's favor and look to the pleader's intent. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989). A plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction, and the defect is incurable, then the cause is properly dismissed. *Peek*, 779 S.W.2d at 804–05. If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show incurable defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissal. *Brown*, 80 S.W.3d at 555; *Peek*, 779 S.W.2d at 805.

### IV. Discussion

█ Willow Park contends that the district court lacks jurisdiction over Squaw Creek's rule 202 petition because the Texas Water Code confers exclusive original jurisdiction over water service disputes to the city, and exclusive appellate jurisdiction to the Texas Commission on Environmental Quality. Squaw Creek points to the lien against its property and replies that the district court would have jurisdiction over a suit testing the validity of the lien; therefore, it has jurisdiction over the

rule 202 proceeding. We agree with Squaw Creek.

■ Section 13.042 of the water code provides in pertinent part as follows:

(a) Subject to the limitations imposed in this chapter and for the purpose of regulating rates and services so that those rates may be fair, just, and reasonable and the services adequate and efficient, the governing body of each municipality has exclusive original jurisdiction over all water and sewer utility rates, operations, and services provided by a water and sewer utility within its corporate limits.

. . . .

(d) The commission shall have exclusive appellate jurisdiction to review orders or ordinances of those municipalities as provided in this chapter.

TEX. WATER CODE ANN. § 13.042 (Vernon 2000). "Services" means, among other things, "any act performed, anything furnished or supplied, and any facilities or lines committed or used by a retail public utility in the performance of its duties to ... the public." *Id.* § 13.002(21). "Commission" means the Texas Natural Resource Conservation Commission.[1] *Id.* § 13.002(5). Thus, the water code confers exclusive original jurisdiction over water service disputes to the municipality and exclusive appellate jurisdiction over such disputes to the Commission. *Galveston v. Flagship Hotel, Ltd.,* 73 S.W.3d 422, 427 (Tex.App.-Houston 2002) (holding district court had no jurisdiction over city's decision to shut off customer's water).

■ On the other hand, district courts generally have exclusive jurisdiction to determine title to real property. *Musquiz v.*

*Marroquin,* 124 S.W.3d 906, 910 (Tex. App.-Corpus Christi 2004, pet. denied); *see* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 26.043 (Vernon 2004). Willow Park concedes that the district court would have jurisdiction over a trespass to try title suit arising from its lien on Squaw Creek's property.

The issue in this case is one step removed from the question of what body has jurisdiction over the underlying dispute between Squaw Creek and Willow Park. At issue is jurisdiction over Squaw Creek's rule 202 petition. Under rule 202, a person may petition a court for an order authorizing the taking of a deposition to perpetuate testimony for use in an anticipated suit or to investigate a potential claim or suit. TEX.R. CIV. P. 202.1. A rule 202 petition must "be filed in a proper court of any county" where venue of the anticipated suit may lie or where the witness resides if no suit is anticipated. TEX.R. CIV. P. 202.2(b). A reasonable interpretation of "proper court" is a court with jurisdiction over the underlying dispute. If no suit is yet anticipated, a petitioner must state the reasons for desiring to obtain the testimony. TEX.R. CIV. P. 202.2(g).

In its first amended petition, Squaw Creek alleged as follows:

Petitioner's reasons for desiring to obtain testimony is to obtain the information so as to learn about the validity of the billing claims against [Squaw Creek] to understand and determine the validity of the lien against the real property and to learn of the validity of the claim so that an amount of just payment, if any, to the city of Willow Park can be determined.

1. Effective September 1, 2001, the name of the Texas Natural Resource Conservation Commission changed to the Texas Commission on Environmental Quality. *See* Act of

May 28, 2001, 77th Leg., R.S., ch. 965, § 18.01(a)(1), 2001 Tex. Gen. Laws 1933, 1985; "TNRCC is Now the TCEQ," at http://www.tceq. state.tx.us/name_ change.html.

One of the reasons Squaw Creek expressly alleged for desiring the testimony of the city officials was to investigate the validity of Willow Park's lien—a question over which the district court has jurisdiction. We hold, therefore, that the district court has jurisdiction over Squaw Creek's rule 202 petition.

 Willow Park argues that even if the district court has jurisdiction over the rule 202 petition, the doctrine of primary jurisdiction precludes the district court from exercising its jurisdiction. Primary jurisdiction is an administrative law doctrine that arises when a court and an agency have concurrent original jurisdiction over a dispute. *Flagship Hotel,* 73 S.W.3d at 425. The purpose of the doctrine is to assure that an agency to which the Legislature has delegated power over a business or industry will not be bypassed on what is especially committed to it. *Id.* A trial court must allow an administrative agency to initially decide an issue when (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview, and (2) great benefit is derived from the agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 208 (Tex.2002).

We reject the application of the primary jurisdiction doctrine in this case for three reasons. First, Squaw Creek's rule 202 petition, which simply asks for permission to take investigative depositions, does not raise a "complex problem" that requires the input of administrative "experts." Second, the rule 202 petition does not require the district court to interpret the "laws, rules, and regulations" of Willow Park, the Commission, or the water code. We find no provision in the water code equivalent to rule 202. The water code does not provide a mechanism for taking investigative depositions. Third, the fact that Squaw Creek seeks presuit discovery under rule 202 rather than final adjudication of its claims militates against application of the primary jurisdiction doctrine. Primary jurisdiction precludes a court from "*finally adjudicating* a claim until the agency has an opportunity to act on the matter." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex.2002) (emphasis added). Squaw Creek does not seek final or even preliminary adjudication of its claims; rather, it seeks only to investigate potential claims. Under these circumstances, primary jurisdiction does not preclude the trial court from allowing Squaw Creek to take investigative depositions. *See Butnaru,* 84 S.W.3d at 209, 211–12 (holding that although doctrine of primary jurisdiction required trial court to abate claims over which agency had primary jurisdiction, trial court did not abuse its discretion by imposing temporary injunction to maintain the status quo).

We hold that the district court has jurisdiction over Squaw Creek's rule 202 petition and that the doctrine of primary jurisdiction does not preclude the district court from exercising its jurisdiction. We overrule Willow Park's sole issue.

## V. Conclusion

Having overruled Willow Park's sole issue, we affirm the order of the trial court. *See* TEX.R.APP. P. 43.2(a).