Opinion issued January 5, 2006












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00433-CV




THE CITY OF HOUSTON, Appellant

V.

U.S. FILTER WASTEWATER GROUP, INC., Appellee




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2005-12322




O P I N I O N
          The City of Houston brings this interlocutory appeal from the trial court’s
denial of the City’s plea to the jurisdiction,


 which it filed in response to U.S. Filter
Wastewater Group, Inc.’s Rule 202 presuit discovery petition. We affirm
BACKGROUND
          The City released a competitive bid proposal related to the procurement of
goods and services for odor control for use in conjunction with its wastewater
treatment operations. In December 2004, the City awarded the bid to Altivia
Corporation [“Altivia”].
          U.S. Filter Wastewater Group, Inc. [“U.S. Filter”], which previously
demonstrated its patented odor treatment process to the City, contends that the bid
process was improper because the City structured the bid as a request for the purchase
of the chemicals contained in, but not covered by, U.S. Filter’s patented process. 
U.S. Filter seeks to investigate whether the City and Altivia, the high bidder, are
using the chemicals the City obtained through the bid process in such a manner as to
violate U.S. Filter’s patented odor control process.
          Pursuant to Rule 202 of the Texas Rules of Civil Procedure, U. S. Filter filed
a petition in the trial court to take the presuit depositions of two employees of the City
of Houston. U.S. Filter “seeks by [its] petition to investigate a potential claim or suit
against the City of Houston and Altivia for the violation of proper competitive
bidding procedures under applicable State and Municipal law, potential theft of trade
secrets and/or misappropriation, and/or for the ongoing violation of its intellectual
property rights.” U.S. Filter’s Rule 202 petition also alleged that “[a]n important
factual element regarding such potential claims concerns the matter in which the City
of Houston is using the commodity chemical procured from Altivia Corporation.
[U.S. Filter] believes and therefore avers that the deponents Messrs. Mehta and
Manno, are the individuals most knowledgeable concerning such facts.” 
          The City filed special exceptions, which the trial court granted. However, the
trial court conditioned the grant of the City’s special exceptions on the City
responding, by affidavit, to U.S. Filter’s questions about how the chemicals obtained
through the bidding process were being used.
          The City did not respond to U.S. Filter’s written questions, and, instead, filed
a plea to the jurisdiction. After an oral hearing at which no evidence was adduced,
the trial court denied the City’s plea to the jurisdiction and ordered the City to present
its employees—Yogesh Mehta and Sal Manno—for deposition. This interlocutory
appeal followed.
DENIAL OF PLEA TO THE JURISDICTION
          In two issues on appeal, the City contends that the trial court erred by denying
its plea to the jurisdiction because (1) U.S. Filter failed to state a potential state law
claim against the City which could confer jurisdiction on the trial court to order
presuit depositions and (2) U.S. Filter’s sole potential federal claim—patent
infringement—cannot be brought in state court.
Standard of Review
          A plea to the jurisdiction is a dilatory plea by which a party challenges a court’s
authority to determine the subject matter of the action. Bland ISD v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). The purpose of a dilatory plea is not to force the plaintiffs to
preview their case on the merits but to establish a reason why the merits should never
be reached. Id. Because the question of subject matter jurisdiction is a legal
question, we review the trial court’s ruling on a plea to the jurisdiction under a de
novo standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998).
          The party suing the governmental entity bears the burden of affirmatively
showing that the trial court has jurisdiction. Tex. Dep’t of Criminal Justice v. Miller,
51 S.W.3d 583, 587 (Tex. 2001). To determine whether U.S. Filter has affirmatively
demonstrated the trial court’s jurisdiction to hear the case, we consider the facts
alleged in the petition and any evidence pertinent to the jurisdictional inquiry. Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland
ISD, 34 S.W.3d at 555. We examine the claims in the pleadings, taking as true the
facts pleaded, and determine whether those facts support jurisdiction in the trial court.
 Baston v. City of Port Isabel, 49 S.W.3d 425, 427-28 (Tex. App.—Corpus Christi
2001, pet. denied).
          We must construe the pleadings in the plaintiff’s favor and look to the
pleader’s intent. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); 
Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). A plaintiff bears the
burden to allege facts affirmatively demonstrating the trial court’s jurisdiction to hear
a case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction,
and the defect is incurable, then the cause is properly dismissed. Id. If the plaintiff’s
pleadings are insufficient to demonstrate the court’s jurisdiction, but do not
affirmatively show incurable defects in jurisdiction, the proper remedy is to allow the
plaintiff an opportunity to amend before dismissal. Brown, 80 S.W.3d at 555; Peek,
779 S.W.2d at 805.
Law and Analysis
          Rule 202 of the Texas Rules of Civil Procedure provides as follows:
                    A person may petition the court for an order authorizing
the taking of a deposition on oral examination or written
questions either:
 
(a) to perpetuate or obtain the person’s own testimony or that of
any other person for use in an anticipated suit; or 
 
b) to investigate a potential claim or suit.

Tex. R. Civ. P. 202.1.

          The City contends that the trial court erred by ordering its employees deposed
because “U.S. Filter failed to state any valid potential state law cause of action which
could serve as the future basis for bringing suit in state court against the City.” 
Specifically, the City contends that it is immune from any state law claims and that
the only potentially actionable claim against it—patent infringement—lies
exclusively in federal court. In sum, the City argues that, because there is no
possibility of liability against it if suit were ever filed in state district court, the state
district court, likewise, has no jurisdiction over the Rule 202 petition.
          Even if we were to agree that the state district court would have no jurisdiction
over the City for the claims that U.S. Filter seeks to investigate, the district court
would have jurisdiction over Altivia. For example, if the depositions reveal facts
constituting a civil conspiracy between the City and Altivia, U.S. Filter could pursue
a claim against Altivia, even if the City were immune.


 See Dennis v. Sparks, 499
U.S. 24, 30, 101 S. Ct. 183, 186–87 (1980) (holding that immunity given judge under
section 1983 does not inure to benefit of those accused of conspiring with him); B.
K. v. Cox, 116 S.W.3d 351, 358–59 (Tex. App.—Houston [14th Dist.] 2003, no pet.)
(holding that private individuals who conspired with judge could be sued, even
though judge could not). There is no requirement in Rule 202 that the person sought
to be deposed be a potentially liable defendant in the claim under investigation.
          Because a portion of the claim under investigation—a claim against Altivia—is
under the jurisdiction of the state district court, the court did not err in denying the
City’s plea to the jurisdiction. See City of Willow Park v. Squaw Creek Downs, L.P.,
166 S.W.3d 336, 340–41 (Tex. App.—Fort Worth 2005, no pet.) (holding city’s plea
to the jurisdiction in Rule 202 proceeding properly denied because district court had
jurisdiction over portion of claim under investigation, even if city and governmental
agency had exclusive jurisdiction over another portion of claim).
CONCLUSION
          We affirm the trial court’s order denying the City’s plea to the jurisdiction.
 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.