Opinion filed March 2, 2023



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00323-CV

_____

**GORDON INDEPENDENT SCHOOL DISTRICT, BRYSON OLIVER, ALLAN LADD, HOLLY CAMPBELL, MIKE REED, SHELLE CRENSHAW, AND KATIE ELROD, Appellants**

## V.

## KAYCI HINKSON, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C50279**

## -- and --

_____

## No. 11-22-00324-CV

_____

**IN RE GORDON INDEPENDENT SCHOOL DISTRICT, BRYSON OLIVER, ALLAN LADD, HOLLY CAMPBELL, MIKE REED, SHELLE CRENSHAW, AND KATIE ELROD**

**Original Mandamus Proceeding**

**O P I N I O N**

Appellee, Kayci Hinkson (Hinkson), sought to obtain pre-suit depositions and documents from six current and former employees of Gordon Independent School District (Gordon ISD) to investigate potential claims against Appellants. *See* TEX. R. CIV. P. 202.1(b). Following her petition, Gordon ISD, on behalf of the school district and the named deponents (Appellants), filed a response, objections, a plea to the jurisdiction, and a motion for a protective order. In one order, the trial court granted Hinkson's petition, implicitly denied Appellant's plea to the jurisdiction, and granted a protective order as to confidential information, thus permitting Hinkson to take the individuals' depositions and require their production of documents. This interlocutory appeal and petition for writ of mandamus followed.

*Background Facts*

Hinkson filed a verified petition, individually and as next friend of R.F., her minor son, to take pre-suit depositions of six employees (current and former) of Gordon ISD. Hinkson sought to investigate potential claims based on events that occurred prior to and following her family's move from Gordon ISD to Strawn ISD. In her petition, Hinkson sought to depose three coaches from Gordon High School, and an assistant principal, a principal, and the superintendent of Gordon ISD,[1] to elicit testimony regarding five issues:

(1) [Whether] any Gordon ISD staff conspired or acted to prohibit R.F. from playing sports for the school district [Strawn ISD] his family moved to;

(2) whether the Gordon ISD staff violated FERPA [the Family Educational Rights and Privacy Act] and/or "pay to play" UIL [University Interscholastic League] rules;

---

[1]At the time of the relevant hearings, three of the appellants no longer worked for Gordon ISD but were employed by other school districts within Texas.

2

(3) whether students of Gordon High school committed any offenses against R.F. including, but not limited to, threat of bodily injury, intentional infliction of emotional distress, invasion of privacy, libel, and slander;

(4) whether staff members intentionally interfered with R.F.'s ability to play sports, his rights to privacy under FERPA, his right not to be offered money to play for a team, his right to be protected from bullying at school and demand any of his bullies be removed from her [sic] school under "David's Law," Texas Education Code Section 37.0832; and/or

(5) whether Gordon ISD staff engaged in criminal activity and violated R.F.'s right to privacy by placing video cameras in the stalls of the boys' bathrooms and recording the children while in the bathroom stalls.

In a single filing, Appellants filed a plea to the jurisdiction, a response, objections, and a motion for a protective order on behalf of the school district and the named deponents. Appellants asserted governmental immunity, which would deprive the trial court of subject matter jurisdiction to order such depositions as to some of Hinkson's potential claims. Appellants alternatively asserted that the petition failed to establish the trial court's subject matter jurisdiction over Hinkson's potential claims. Appellants requested a protective order as to any confidential information regarding any Gordon ISD students and employees, as well as limitations on the scope of the depositions and the documents to be produced.

The trial court held two hearings on the petition and related motions. At the conclusion of the first hearing, the trial court granted Hinkson's request to take the depositions "with the understanding that they'll be able to redact any confidential information or refuse to . . . answer questions that might invoke confidentiality." The trial court then indicated to Hinkson that she needed to give Appellants "some leeway as far as being able to take care of their business while they're [getting

3

deposed]." Although the trial court heard arguments regarding Appellants' plea to the jurisdiction, it did not expressly rule on the plea.

At the second hearing, Appellants re-urged their plea to the jurisdiction and, alternatively, their request for a protective order. The trial court again did not expressly rule on Appellants' plea nor their motion but instead, in its order, (1) granted Hinkson's request to depose Appellants, (2) entered the findings required by Rule 202.4(a)(2), (3) ordered that Hinkson may require Appellants to produce the requested documents, (4) allowed Appellants to redact confidential information, and (5) ordered Hinkson to allow Appellants "to take breaks as needed during their respective depositions." The trial court's order concluded by stating that "any relief not expressly granted herein is denied."

*Jurisdiction*

As an initial matter, Hinkson asserts that "Gordon ISD is not properly under this Court's jurisdiction" because it was not a party to the proceeding below. While Hinkson restricts her argument to our jurisdiction as to Gordon ISD, we are "duty-bound" to address the question of our jurisdiction on both the mandamus and the interlocutory appeal. *In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam). "Whether we have jurisdiction is a question of law." *Eastland Cnty. Appraisal Dist. v. Peninsula Pipelines (N. Tex.), LLC*, 594 S.W.3d 383, 385 (Tex. App.—Eastland 2019, no pet.). We conclude that we have jurisdiction to address both the appeal and the original proceeding.

We have jurisdiction to address the trial court's order granting Hinkson's petition to obtain pre-suit depositions in a mandamus proceeding. TEX. GOV'T CODE ANN. § 22.221(b)(1) (West Supp. 2022) (expressly granting court of appeals jurisdiction to issue writs of mandamus to district, county, and probate court judges); *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) ("An improper order under Rule 202 may be set aside by mandamus.").

4

We also have jurisdiction to address the implicit denial of Appellants' plea to the jurisdiction as an interlocutory appeal. Appeals may be taken only from final judgments unless, as here, an appeal of an interlocutory order is specifically authorized by statute. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007). Section 51.014(a)(8) allows an appeal from an interlocutory order that either "grants or denies a plea to the jurisdiction by a governmental unit" as defined in Section 101.001 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2022). Accordingly, we must next determine if Appellants—Gordon ISD and the named deponents—constitute a governmental unit for purposes of Section 51.014(a)(8). If so, we then decide whether the trial court denied Appellants' plea to the jurisdiction by issuing the pre-suit deposition order.

First, we determine whether Appellants meet the definition of a "governmental unit" for purposes of Section 51.014(a)(8). Gordon ISD clearly constitutes a governmental unit because the statutory definition includes school districts. CIV. PRAC. & REM. § 101.001(3)(B) (West 2019).[2] Rule 202 creates an interesting paradox regarding the named deponents, however, because whether the named deponents constitute a "governmental unit" depends on the capacity in which

---

[2]We briefly address Hinkson's claim that Gordon ISD was not a party to the proceeding and therefore does not have standing to assert a plea to the jurisdiction. Some of the potential claims Hinkson describes in her petition appear to contemplate Gordon ISD as one potential defendant, particularly where she desires to question the named deponents on whether "any staff" of Gordon ISD conspired or acted against R.F. Gordon ISD responded to the petition for pre-suit depositions the only way it realistically could—by "intervening" in the proceeding and filing a response. *See* TEX. R. CIV. P. 60 (a party may intervene by filing a pleading). While Rule 202 has relaxed pleading requirements, it does not, in turn, prevent a potential future defendant from attempting to adequately defend itself against potential claims described in the petition. *Cf. Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (a trial court abuses its discretion in denying a plea to the jurisdiction, when "the intervention is almost essential to effectively protect the intervenor's interest"). Moreover, Hinkson did not obtain a specific ruling on her motion to strike the plea to the jurisdiction or on her objections to Gordon ISD's appearance. Instead, the trial court permitted trial counsel for Gordon ISD and the named deponents to participate in both hearings. Therefore, Gordon ISD successfully "intervened" in the Rule 202 proceedings and has standing under Section 51.014(a)(8).

Hinkson intends to sue them if a lawsuit is eventually filed: individually or in their official capacities. Appellants in their *individual* capacities could not appeal the trial court's implicit denial of their plea because the individuals do not constitute a "governmental unit," but Hinkson's petition, in its current form, does not foreclose a suit against them individually. *See id.* § 101.001(3) (omitting "employees" of the governmental unit from the definition of "governmental unit"); *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) ("Presuit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated."). However, some of Hinkson's potential claims identifying the individuals as "staff" are broad enough to include actions against the named deponents in their *official* capacities. *Koseoglu*, 233 S.W.3d at 844–45 ("A person sued in an official capacity should be able to appeal the denial of a jurisdictional plea in the same way as his employing governmental unit because both defendants' interests in pleading sovereign immunity are identical."). Because some of Hinkson's potential claims are broad enough to include an action against the named deponents in their official capacities, we conclude that the named deponents may appeal the denial of their plea to the jurisdiction under Section 51.014(a)(8).

We next address the issue of whether the trial court denied Appellants' plea to the jurisdiction by issuing its pre-suit deposition order. Considering the order as a whole and its effect, we conclude that, with regard to the Rule 202 proceeding, the trial court implicitly denied Appellants' plea to the jurisdiction. First, within its order, the trial court stated that it considered Appellants' plea to the jurisdiction, and it included a clause that denied relief "not expressly granted" therein. Along with the relief clause, the trial court's statement that it considered Appellants' plea to the jurisdiction in its pre-suit deposition order is some evidence that such order constituted a denial of the plea. *Cf. Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex. 1971) (orig. proceeding) ("The judgment is to be read as a whole.");

*In re Schlumberger Tech. Corp.*, No. 11-19-00204-CV, 2019 WL 5617632, at *5 (Tex. App.—Eastland Oct. 24, 2019, orig. proceeding) (mem. op.) ("In construing an order, we look at the instrument as a whole and, if possible, interpret it in a way that gives meaning to each provision."). Second, because the order allowed the depositions to proceed over Appellants' jurisdictional challenges, the effect of the trial court's pre-suit deposition order indicates that it implicitly denied Appellants' plea. *Cf. Thomas v. Long*, 207 S.W.3d 334, 339–340 (Tex. 2006) ("Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge."). We therefore have jurisdiction to hear the interlocutory appeal.

*Analysis*

Having concluded that we have jurisdiction to address the mandamus and the interlocutory appeal, we now address the merits. Appellants assert, in the mandamus proceeding, that the trial court clearly abused its discretion when it granted Hinkson's order to obtain pre-suit depositions because the trial court did not have subject matter jurisdiction over Hinkson's claims. Similarly, in the accelerated appeal, Appellants state that the trial court improperly denied their plea to the jurisdiction by granting Hinkson's petition for pre-suit depositions because the trial court did not have subject matter jurisdiction over Hinkson's potential claims. We agree with Appellants in part. While the trial court had subject matter jurisdiction over some of Hinkson's potential claims, it did not have jurisdiction over all of them. Therefore, the trial court clearly abused its discretion when it issued an overly broad pre-suit deposition order.

I. *A trial court may grant a petition to obtain pre-suit depositions under Rule 202.1(b) only if it has subject matter jurisdiction over the potential claim or suit.*

Rule 202 allows an individual to petition a court to order a pre-suit deposition to either (a) "perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit" or (b) "investigate a potential claim or suit." TEX. R. CIV. P. 202.1. Hinkson's petition expressly limited itself to pre-suit depositions under Rule 202.1(b).

Rule 202 requires several actions before a trial court may permit the taking of a pre-suit deposition. First, Rule 202 requires the petition to "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." TEX. R. CIV. P. 202.2(e). Second, the trial court must order the deposition be taken if it finds that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4(a)(2); *In re Does*, 337 S.W.3d 862, 864 (Tex. 2011) (orig. proceeding). The petitioner has the burden of providing the basis for this finding. *In re East*, 476 S.W.3d 61, 68 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding) (collecting cases). Third, the order "must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure." TEX. R. CIV. P. 202.4(b). Finally, the trial court must limit the scope of discovery "as if the anticipated suit or potential claim had been filed." TEX. R. CIV. P. 202.5. Here, as urged by Appellants, discovery protections and/or limitations to be weighed by the trial court may include sovereign immunity, student privacy, and potential claims without a private cause of action.

Rule 202 provides relaxed pleading standards for a petitioner who is investigating a potential claim or suit. *See In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (requiring

a heightened pleading standard would "eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists"); *see also In re East*, 476 S.W.3d at 66. A petitioner need not specifically identify its potential claims in its Rule 202 petition. *Houston Indep. Sch. Dist. v. Durrell*, 547 S.W.3d 299, 305 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Vestal v. Pistikopoulos*, No. 10-16-00034-CV, 2016 WL 4045081, at *2 (Tex. App.—Waco July 27, 2016, orig. proceeding) (mem. op.). Rule 202 also "does not require a [petitioner] to expressly state a viable claim," *In re Emergency Consultants*, 292 S.W.3d at 79, nor does it "require that the person or entity from whom a deposition is sought be a potentially liable defendant in the possible action being investigated," *Durrell*, 547 S.W.3d at 306–07.

However, the supreme court has held that Rule 202 depositions are not "intended for routine use" and that a trial court "*must strictly limit and carefully supervise* pre-suit discovery to prevent abuse of the rule." *In re Jorden*, 249 S.W.3d at 423 (emphasis added) ("There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are."); *In re Wolfe*, 341 S.W.3d at 933. Moreover, a trial court *cannot* order pre-suit depositions if it lacks subject matter jurisdiction over the potential claim or the anticipated action. *See In re Doe (Trooper)*, 444 S.W.3d 603, 608 (Tex. 2014) ("While Rule 202 is silent on the subject, we think it implicit, as it has always been, that the court must have subject-matter jurisdiction over the anticipated action."); *In re City of Dallas*, 501 S.W.3d at 73 ("A party 'cannot obtain by Rule 202 what it would be denied in the anticipated action.'" (quoting *In re Wolfe*, 341 S.W. 3d at 933)). The petitioner bears the burden of demonstrating that the trial court has subject matter jurisdiction over the potential claims. *See Durrell*, 547 S.W.3d at 304; *see also In re City of Dallas*, 501 S.W.3d at 74.

II. *The trial court did not have subject matter jurisdiction over all of Hinkson's potential claims*.

The outcome of both the mandamus and the interlocutory appeal depends on whether the trial court possessed such jurisdiction over Hinkson's potential claims. We review a trial court's subject matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Morrison v. Asamoa*, 648 S.W.3d 628, 638 (Tex. App.—Eastland 2022, no pet.). As stated above, Hinkson bears the burden of demonstrating that the trial court has subject matter jurisdiction over her potential claim(s) or suit(s). *See Durrell*, 547 S.W.3d at 304.

Hinkson did not meet that burden. To be sure, the trial court has subject matter jurisdiction over the potential claims that involve (1) Appellants in their individual capacities because, as urged by Hinkson, the named deponents may only possess "liability immunity" against such claims,[3] (2) the students and other parents,[4] and (3) any criminal activity. *See* TEX. CONST. art. V, § 8 (Jurisdiction of District Court);

---

[3]Section 22.0511 of the Texas Education Code (Immunity from Liability) provides in part:

(a) A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

(b) This section does not apply to the operation, use, or maintenance of any motor vehicle.

(c) In addition to the immunity provided under this section and under other provisions of state law, an individual is entitled to any immunity and any other protections afforded under the Paul D. Coverdell Teacher Protection Act of 2001 (20 U.S.C. Section 6731 et seq.), as amended. Nothing in this subsection shall be construed to limit or abridge any immunity or protection afforded an individual under state law. For purposes of this subsection, "individual" includes a person who provides services to private schools, to the extent provided by federal law.

TEX. EDUC. CODE ANN. § 22.0511 (West 2018).

[4]We note that, while the trial court would have subject matter jurisdiction over the claims involving students and other parents as well as any criminal activity, Hinkson's standing as next friend of her son, R.F., would be restricted to acts and omissions affecting him specifically. To the extent Hinkson's petition relates to the discovery of any violation by Gordon ISD staff regarding the bathroom camera incident, as currently pleaded, her potential claims do not include the filming of any students other than her son.

*see also McPherson v. Wylie*, No. 10-15-00419-CV, 2016 WL 7325461, at *3 (Tex. App.—Waco Dec. 14, 2016, no pet.) (mem. op.) ("unlike immunity from suit, immunity from liability does not affect a court's jurisdiction"); *Rivera v. Port Arthur Indep. Sch. Dist.*, No. 13-14-00214-CV, 2016 WL 1613285, at *7 (Tex. App.—Corpus Christi–Edinburg Apr. 21, 2016, no pet.) (mem. op.) (Section 22.0511 of the Education Code provides liability immunity). However, Hinkson did not adequately plead, nor did the trial court specifically determine, that the trial court had subject matter jurisdiction over other potential claims listed in her petition. *See In re City of Dallas*, 501 S.W.3d at 74.

For example, Hinkson did not adequately describe a private cause of action and how the trial court had subject matter jurisdiction over the potential claims that involve any alleged UIL rule violations.[5] *See In re Univ. Interscholastic League*, 20 S.W.3d 690, 692 (Tex. 2000) (orig. proceeding) ("[T]he right to participate in extracurricular activities is not a fundamental right . . . [and] judicial intervention in [UIL] matters such as these often does more harm than good."). Hinkson also did not adequately describe how a private cause of action could arise and whether the trial court had subject matter jurisdiction over any alleged violations of "David's Law."[6] *See* EDUC. § 37.0151(f) (no private cause of action for failing to report conduct that constitutes assault or harassment to law enforcement); CIV. PRAC. & REM. § 129A.002 (West 2019) (providing for injunctive relief against cyberbullying), § 65.021 (West 2008) ("The judge of a district or county court . . . shall hear and determine applications for writs of injunction."); *cf. A.V. v. Plano Indep. Sch. Dist.*, 585 F. Supp. 3d 881, 891, 898 (E.D. Tex. 2022) (analyzing school

---

[5] Hinkson admits that the UIL District Executive Committee determined R.F. to be ineligible to play for Strawn ISD, and that the UIL State Committee has denied Hinkson's request to appeal that decision.

[6] Act of May 27, 2017, 85th Leg., R.S., ch. 522, 2017 TEX. GEN. LAWS 1400, 1400–08 (S.B. 179) (effective Sept. 1, 2017) (amending, among other things, the Education Code, the Civil Practice and Remedies Code, and the Penal Code to address bullying and school policies on same).

policy and authority under David's Law after jurisdiction established by the "presence of a federal question"). Hinkson should have more specifically pleaded the existence of the trial court's subject matter jurisdiction over these potential claims, and the trial court should have specifically determined whether it had jurisdiction over such claims and how it should "strictly limit and carefully supervise" pre-suit discovery to prevent abuse of the rule. *In re Jorden*, 249 S.W.3d at 423; *see In re City of Dallas*, 501 S.W.3d at 74 (directing the county court to vacate its pre-suit deposition order and "to first determine its jurisdiction," because the supreme court "[could not] say with certainty" from the pleadings and the hearing that the claim was within the county court's jurisdiction); *Vestal*, 2016 WL 4045081, at *5 (reversing trial court's pre-suit deposition order and denial of the plea to the jurisdiction, and remanding the case to allow the petitioner an opportunity to replead).

The trial court issued a pre-suit deposition order without subject matter jurisdiction over the remainder of Hinkson's potential claims and without limitations set out in the written order. Specifically, the trial court does not have subject matter jurisdiction over any potential claims that are barred by Gordon ISD's sovereign immunity. *See Morrison*, 648 S.W.3d at 638 (citing *Miranda*, 133 S.W.3d at 224) (sovereign immunity "depriv[es] the court of subject matter jurisdiction"); *cf. Combs v. Tex. C.R. Project*, 410 S.W.3d 529, 535 (Tex. App.—Austin 2013, no pet.) ("[W]hile pre-suit depositions under rule 202 are not necessarily barred by sovereign immunity, governmental entities are protected from pre-suit depositions to the same extent they would be protected from the same depositions in the contemplated suit underlying the proceedings."). Similarly, the trial court does not have subject matter jurisdiction over any potential claims that are barred by the named deponents' sovereign immunity, if any are sued in their official capacities. *See Cloud v. McKinney*, 228 S.W.3d 326, 333 (Tex. App.—Austin, no pet.) ("If an individual is

12

sued in his official capacity, the employee may raise . . . the defense of sovereign immunity.") Further, as pled, the trial court also does not appear to have subject matter jurisdiction over any alleged violations of the Family Educational Rights and Privacy Act (FERPA).[7] *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287–89 (2002) (FERPA does not create a private cause of action nor confer enforceable rights); *see also In re Doe*, 444 S.W.3d at 608 (Rule 202 cannot be used to investigate claims that can only be brought in federal court); *see also IDEA Pub. Sch. v. Socorro Indep. Sch. Dist.*, No. 13-18-00422-CV, 2020 WL 103853, at *2 (Tex. App—Corpus Christi–Edinburg Jan. 9, 2020, pet. denied) (mem. op.); *B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2018 WL 454783, at *8 (Tex. App.—Austin Jan. 10, 2018, no pet.) (mem. op.).

III. *The trial court clearly abused its discretion in issuing an overly broad Rule 202 order.*

To the extent the trial court's order covers potential claims over which it does not have subject matter jurisdiction, Appellants have met their burden in proving that mandamus should issue. For an appellate court to issue a writ of mandamus, the relator must show that (1) the trial court clearly abused its discretion and (2) the relator does not have an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840–42 (Tex. 1992) (orig. proceeding).

The trial court clearly abused its discretion in granting Hinkson's petition to obtain pre-suit depositions without narrowly tailoring its order consistent with the claims over which it possessed subject matter jurisdiction. *See In re City of Dallas*, 501 S.W.3d at 73 ("[T]he court *must* have subject-matter jurisdiction over the anticipated action." (citations omitted)); *In re Doe*, 444 S.W.3d at 608 ("[A] court cannot grant relief when it lacks jurisdiction of the subject matter."). Appellants do

---

[7] 20 U.S.C. § 1232g (Family educational and privacy rights).

not have an adequate remedy by appeal because they stand to lose "substantive and procedural rights if [our] review is postponed," as the pre-suit depositions, once taken, "cannot be 'untaken.'" *See Jorden*, 249 S.W.3d at 419–20. Accordingly, we conditionally grant Appellants relief and conditionally issue a writ of mandamus directing the trial court to vacate its pre-suit deposition order.

IV. *The trial court must reconsider Appellants' plea to the jurisdiction.*

By vacating the trial court's pre-suit deposition order, we effectively reverse the implicit denial of Appellants' plea to the jurisdiction by such order and necessarily grant, in part, Appellants relief in the interlocutory appeal. Without directing its decision thereon, the trial court must consider and rule on Appellants' pleas to the jurisdiction when it reexamines its pre-suit deposition order on remand, particularly in the event that Hinkson is permitted an opportunity to replead (discussed infra).

In a Rule 202 proceeding, a trial court may properly deny a plea to the jurisdiction if it has subject matter jurisdiction over some potential claims but not others. *See City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 245 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (trial court did not err in denying city's plea to the jurisdiction "[b]ecause a portion of the claim . . . is under [its] jurisdiction."); *City of Willow Park v. Squaw Creek Downs, L.P.*, 166 S.W.3d 336, 341 (Tex. App.—Fort Worth 2005, no pet.) (trial court did not err in denying plea to the jurisdiction where city had exclusive jurisdiction over some of the potential claims); *see also In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *3 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) (citing *City of Willow Park*, 166 S.W.3d at 341).

In *Vestal v. Pistikopoulos*, the Waco Court of Appeals addressed circumstances similar to the ones present here. *See Vestal*, 2016 WL 4045081, at *2. In *Vestal*, the petitioner sought a pre-suit deposition of a faculty member of

14

Texas A&M University, a public-school employee, following an alleged incident involving harassment, to determine whether a potential claim for defamation or other torts existed. *Id.* at \*1. The faculty member filed a plea to the jurisdiction based on her sovereign immunity for actions taken within the scope of her employment with the university. *Id.* The trial court denied her plea. *Id.* The faculty member filed an accelerated appeal and a mandamus petition. *Id.* In a consolidated proceeding, the Waco Court of Appeals reversed the trial court's denial of the plea to the jurisdiction and, finding that the petitioner's Rule 202 petition was "too broad," remanded the case "to allow [petitioner] an opportunity to amend his Rule 202 petition to avoid immunity or other undiscoverable issues." *Id.* at \*5. The court reasoned that "[i]t is conceivable that the statements sought by [petitioner] could involve actions both within and outside the course and scope of . . . employment," the latter of which would implicate sovereign immunity. *Id.* As a result, the court held, the trial court erred in (1) denying the plea to the jurisdiction and (2) granting the Rule 202 petition because it "[could not] say unequivocally that the scope of [the petition] does not implicate statements made in the course and scope of . . . employment." *Id.*

We take a similar approach here and reverse the trial court's implicit denial of Appellants' plea to the jurisdiction. As discussed below, the trial court may allow Hinkson to replead if it finds that the pleading defects can be cured. *See Koseoglu*, 233 S.W.3d at 835; *Durrell*, 547 S.W.3d at 304. If, after its review or after it allows Hinkson to replead, the trial court determines that it has subject matter jurisdiction over some, but not all, of Hinkson's potential claims, the trial court may properly deny Appellants' plea to the jurisdiction. *See City of Houston*, 190 S.W.3d at 245; *City of Willow Park*, 166 S.W.3d at 341. Alternatively, the trial court may properly grant Appellants' plea to the jurisdiction in part. *See Thomas*, 207 S.W.3d at 339 (the trial court is not required to deny a meritorious plea to the jurisdiction if it has jurisdiction over some claims but not others).

15

V.    *The trial court may allow Hinkson to replead but must more narrowly tailor its order.*

In conclusion, we conditionally grant Appellants mandamus relief, vacate the trial court's order granting Hinkson's petition to obtain pre-suit depositions, and instruct the trial court to determine its jurisdiction over Hinkson's potential claims in the first instance. *See City of Dallas*, 501 S.W.3d at 73 (granting mandamus relief, conditionally vacating the trial court's order, and remanding the case "with instructions to determine its jurisdiction over the potential claim" the petitioner sought to investigate). During this endeavor, the trial court, in its discretion, may allow Hinkson to replead if it finds that the pleading defects can be cured. *See Durrell*, 547 S.W.3d at 304 (petitioner "should be afforded an opportunity to amend" pleadings that do not affirmatively demonstrate jurisdiction or show incurable defects in jurisdiction) (citing *Miranda*, 133 S.W.3d at 226–27); *see also Koseoglu*, 233 S.W.3d at 840 ("[A] pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect."); *Combs*, 410 S.W.3d at 536 ("[A] rule 202 petition may often have to plead more than the minimum required by rule 202 in order to affirmatively demonstrate the trial court's subject-matter jurisdiction over the proceedings.").

The trial court must ensure that any pre-suit deposition order it issues is consistent with its subject matter jurisdiction. If, following remand, the trial court grants Hinkson's petition, the trial court must carefully supervise the depositions, discovery, and proceedings "to prevent abuse of [Rule 202]." *In re Wolfe*, 341 S.W.3d at 933.

## This Court's Ruling

We conditionally grant Appellants' petition for writ of mandamus. The trial court is directed to vacate its order granting Hinkson's petition to obtain pre-suit depositions of the named deponents. We reverse the trial court's implicit denial of

16

Appellants' plea to the jurisdiction by such pre-suit deposition order.  We remand the case with instructions for the trial court to determine its subject matter jurisdiction in the first instance and then appropriately narrow the scope and conditions of any order granting Rule 202 depositions.  If the trial court fails to do so, mandamus will issue.


W. BRUCE WILLIAMS
JUSTICE


March 2, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

17